UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
          :
**UWAIS SYED**,
          :
                   Plaintiff,         : **MEMORANDUM DECISION AND**
                                           **ORDER**
            – against –          :
          : 21-CV-6000 (AMD) (PK)
          :
**S&P PHARMACY CORP.**, **SHAZIA**
**PHARMACY INC.**, **NATHAN'S PHARMACY,** :
**SAUL'S PHARMACY AND SURGICAL**
**SUPPLIES, APNI PHARMACY CORP.,**
**WATTO CORPORATION, MEDICINE**        :
**SHOPPE PHARMACY, PERVEZ SIDDIQUI,**
**SHAZIA BIBI**, and **SHAHBAZ WATTO**,
          :
                   Defendants.
          :
------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

        The plaintiff brings this action against Corporate Defendants Apni Pharmacy Corp., Medicine Shoppe Pharmacy, Nathan's Pharmacy, S&P Pharmacy Corp. ("Marhaba"), Saul's Pharmacy and Surgical Supplies, Shazia Pharmacy Inc. and Watto Corporation, as well as Individual Defendants Shazia Bibi, Pervez Siddiqui and Shahbaz Watto. The plaintiff brings retaliation claims against the Corporate Defendants under the False Claims Act (FCA), the New York False Claims Act (NYFCA) and the New York Labor Law (NYLL). He makes claims for overtime against all of the defendants pursuant to the Fair Labor Standards Act (FLSA)[1] and for inadequate wage statements against all defendants in violation of the NYLL. The defendants moved to dismiss the plaintiff's FLSA and NYLL claims against all defendants and the FCA and NYFCA claims against the Corporate Defendants, other than Marhaba. (ECF No. 17-1 at 2.)

---

[1] In his opposition to the motion to dismiss, the plaintiff consents to the dismissal of his NYLL overtime claims. (ECF No. 18 at 18 n.8.)

For the reasons explained below, the motion is granted in part and denied in part.

## BACKGROUND

Marhaba Pharmacy is owned by Pervez Siddiqui and Shazia Bibi; Shahbaz Watto is the store manager. (ECF No. 16 ¶¶ 15-16.) The plaintiff was the supervising pharmacist at Marhaba Pharmacy from August 2018 to June 26, 2021. (*Id.* ¶ 17.) In that role, he oversaw the pharmacy, verified prescriptions, filled orders and ensured that the pharmacy complied with state and federal regulations. (*Id.* ¶ 22.) The plaintiff contends that Mr. Siddiqui and Mr. Bibi are also the principal owners and operators of the various Corporate Defendants, and that the Corporate Defendants were operated as a single integrated enterprise. (*Id.* ¶¶ 24-50.)

The plaintiff alleges that he was paid by the hour and frequently worked over forty hours a week, but never received overtime pay. He also alleges that he did not receive written notice of his pay rate. (*Id.* ¶¶ 138-144.)

## LEGAL STANDARD

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although "detailed factual allegations" are not required, a complaint that includes only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint fails to state a claim "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks, alterations and citations omitted).

## DISCUSSION

I. **FLSA Claims**

    a. **Single Integrated Enterprise[2]**

The plaintiff contends that the Individual Defendants own the Corporate Defendants and operate them as a single integrated enterprise. (ECF No. 16 ¶¶ 4, 50.) The defendants concede that the Individual Defendants "at some point in time (during and outside of the relevant period of time) – either owned or managed some of the Corporate Defendant Pharmacies," but argue that there is no single enterprise because they are now unrelated entities and are merely engaged in "innocent activities that are typical of individuals involved in the same industry." (ECF No. 17-1 at 6.) Accordingly, the defendants argue that Marhaba was the plaintiff's sole employer and that the claims against the other Corporate Defendants should be dismissed.

To prevail in an employment action against a defendant who is not the plaintiff's direct or joint employer, "the plaintiff must establish that the defendant is part of an 'integrated enterprise' with the employer, thus making one liable for the illegal acts of the other." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 341 (2d Cir. 2000) (internal citations omitted). "The single employer doctrine provides that, in appropriate circumstances, an employee, who is technically employed on the books of one entity, which is deemed to be part of a larger single-employer entity, may impose liability for certain violations of employment law not only on the nominal employer but also on another entity comprising part of the single integrated employer." *Griffin v. Sirva Inc.*, 835 F.3d 283, 292 (2d Cir. 2016) (citation and internal quotations omitted).

---

[2] In their reply, the defendants argue that the plaintiff raises his single integrated employer theory for the first time in his opposition. (ECF No. 20 at 5.) In fact, the plaintiff raised the claim in the first amended complaint. (*See* ECF No. 16 ¶¶ 23-50.)

3

The Second Circuit has never applied the single integrated employer doctrine to a FLSA claim, but "courts in the Circuit have found 'sufficient support for its application' in the breadth of the FLSA's definition of an employer and the Second Circuit's interpretation thereof." *Flores v. 201 W. 103 Corp.*, 256 F. Supp. 3d 433, 440 (S.D.N.Y. 2017) (citation omitted); *see also, e.g.*, *Lopez v. Pio Pio NYC, Inc.*, No. 13-CV-4490, 2014 WL 1979930, at *3 (S.D.N.Y. May 15, 2014) ("While the Second Circuit has yet to rule on whether the integrated enterprise / single employer doctrine is applied in FLSA cases, the shared policy concerns underlying the . . . doctrine and the FLSA urge the theory's application to FLSA claims." (internal quotation marks and citation omitted)); *Huang v. Shanghai City Corp.*, 459 F. Supp. 3d 580, 586-90 (S.D.N.Y. 2020) (applying the single integrated enterprise test to FLSA and NYLL claims).

A court determining whether a plaintiff has pleaded single integrated enterprise liability considers: "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Hsieh Liang Yeh v. Han Dynasty, Inc.*, No. 18-CV-6018, 2019 WL 633355, at *4 (S.D.N.Y. Feb. 14, 2019). "Although no one factor is determinative[,] . . . control of labor relations is the central concern." *Murray v. Miner*, 74 F.3d 402, 404 (2d Cir.1996) (citations omitted).

"Whether two related entities are sufficiently integrated to be treated as a single employer is generally a question of fact not suitable to resolution on a motion to dismiss." *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 226 (2d Cir. 2014); *see also Lazaar v. Anthem Companies, Inc.*, No. 22-CV-3075, 2023 WL 405016, at *4 (S.D.N.Y. Jan. 25, 2023) ("It is rarely appropriate to determine joint employer status at the summary judgment stage, let alone on a motion for judgment on the pleadings, because of the [inquiry's] fact-intensive character." (internal quotation marks and citation omitted)).

The plaintiff alleges that the Individual Defendants own the Corporate Defendants and ran all of the business operations—payroll, finances, human resources and inventory management—out of one Brooklyn office.  (ECF No. 16 ¶¶ 24, 25.)  The plaintiff also alleges that the Corporate Defendants shared employees and regularly scheduled employees to work shifts in more than one pharmacy, and that pharmacists from other locations sometimes covered his shifts.  (*Id.* ¶¶ 26-31.)  The plaintiff further alleges that the Individual Defendants created a central pharmaceutical inventory from which they distributed medicines to each of the Corporate Defendants, and that medicines would often be transferred among the Corporate Defendants' pharmacies as demand required.  (*Id.* ¶¶ 40-41.)  Additionally, the defendants billed customer's prescriptions to other Corporate Defendant pharmacies and regularly allowed customers to pick up medication at any of the Corporate Defendant pharmacies, not just the pharmacy where the customer submitted the prescription.  (*Id.* ¶ 42.)  Finally, when the plaintiff asked Mr. Siddiqui about his overtime, Mr. Siddiqui replied that "the only way that you can get the same rate is that you work at a different pharmacy in the same group."  (*Id.* ¶ 37.)

Accordingly, the plaintiff has sufficiently pled the existence of a single integrated enterprise.  He alleged common ownership, centralized labor relations, human resources and payroll operations, that employees were interchangeable between the pharmacies, and that the Individual Defendants centrally managed medicines that were shared among the pharmacies.  *See Flores*, 256 F. Supp. 3d at 442 ("facts that go to the existence of a single, integrated enterprise include . . . the use of the same employees at multiple locations; the transfer of items between [locations]; [and the] use of the same central payroll office" (internal quotation marks omitted) (quoting *Khereed v. W. 12th St. Rest. Grp. LLC*, 15-CV-1363, 2016 WL 590233, at *4 (S.D.N.Y. Feb. 11, 2016))).  "Whether the evidence will substantiate the plaintiff's allegation

5

cannot be decided on this motion." *Morales v. Anyelisa Rest. Corp.*, No. 18-CV-7641, 2019 WL 3430106, at *3 (S.D.N.Y. July 30, 2019). Accordingly, the defendants' motion to dismiss the Corporate Defendants other than Marhaba is denied.[3]

### b. Overtime Claim

The plaintiff alleges that he was an hourly employee, that he frequently worked more than forty hours a week and that the defendants did not pay him for the overtime he worked, in violation of the FLSA. (ECF No. 16 ¶¶ 140-41.) The defendants argue that the plaintiff is exempt from the FLSA's overtime requirements because he was a highly compensated employee and a learned professional. (ECF No. 17-1 at 21-25.)

The FLSA generally requires employers to compensate employees who work more than forty hours a week "not less than one and one-half times the [employees'] regular rate" for the excess hours. 29 U.S.C. § 207(a)(1). The FLSA excludes from the overtime requirement "learned professionals" and "highly compensated employees." 29 C.F.R. §§ 541.301, 541.601(a). However, for the exceptions to apply, the employer must demonstrate that the employee was paid on a fee or salary basis. 29 C.F.R. §§ 541.300(a), 541.601(b); *see also Anani v. CVS RX Servs., Inc.*, 788 F. Supp. 2d 55, 59-62 (E.D.N.Y. 2011) (finding that a pharmacist who was paid over $100,000 a year was not automatically exempt from the FLSA overtime requirements and requiring the defendant to establish that the plaintiff was paid on a salary basis). "An employee will be considered to be paid on a 'salary basis' within the meaning of this part if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is

---

[3] The defendants also argue that the plaintiff did not sufficiently plead liability under the joint employer theory. However, the plaintiff appears to only argue that the corporate defendants constitute a single integrated enterprise. Accordingly, the Court does not consider the joint employer argument.

not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602(a).

The parties agree that the plaintiff was both a "learned professional" and a "highly compensated employee," but disagree about whether the plaintiff was a salaried employee. The plaintiff argues that he was paid on an hourly basis (ECF No. 18 at 19-21; ECF No. 16 ¶¶ 138-39) while the defendants contend that he was "paid a regular salary every week" (ECF No. 17-1 at 22); they attach a payroll summary to support this claim. (ECF No. 17-4.)

"[T]he exemption categories delineated by the FLSA are not designed to thwart nascent claims, but rather, are available affirmative defenses to be fleshed out during the discovery process." *Timberg v. Toombs*, No. 20-CV-6060, 2022 WL 954739, at *6 (E.D.N.Y. Mar. 30, 2022) (citing *Beaulieu v. Vermont*, No. 10-CV-32, 2010 WL 3632460, at *5-6 (D. Vt. Aug. 5, 2010)). Employers have the burden of demonstrating that the exemption exists and "[a]t the motion-to-dismiss stage, an FLSA claim may be dismissed on the basis of an exemption only if the exemption appears on the face of the complaint." *Chen v. Major League Baseball*, 6 F. Supp. 3d 449, 454 (S.D.N.Y. 2014) (internal quotation marks and citation omitted), *aff'd sub nom. Chen v. Major League Baseball Properties, Inc.*, 798 F.3d 72 (2d Cir. 2015) ("The applicability of an FLSA exemption—a necessarily fact-bound inquiry—often will not be ascertainable on the basis of the complaint alone."). FLSA exemptions should be "narrowly construed against the employers seeking to assert them." *Davis v. J.P. Morgan Chase & Co.*, 587 F.3d 529, 531 (2d Cir. 2009) (quoting *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960)).

The defendants say that the phrase "past salary" in the damages section of the complaint suffices to establish that the exemption appears "on the face of the complaint." (ECF No. 17-1 at 22 (citing ECF No. 16 ¶ 154).) This two-word reference in a paragraph addressing damages is

7

not sufficient to establish that the plaintiff was a salaried worker.  Accordingly, the defendants' motion to dismiss the plaintiff's FLSA overtime claim is denied.[4]

## II. NYLL Claim

The defendant also argues that the plaintiff's Section 195 NYLL claim should proceed only against Marhaba because the plaintiff did not allege that any of the other Corporate Defendants employed him.  (ECF No. 17-1 at 25-26.)  The plaintiff responds that the single integrated enterprise doctrine applies to NYLL claims.  (ECF No. 18 at 22.)

The FLSA and the NYLL apply the same tests to determine whether entities are employers.  *See Olvera v. Bareburger Grp. LLC*, 73 F. Supp. 3d 201, 206 (S.D.N.Y. 2014); *see also Canelas v. A'Mangiare Inc.*, No. 13-CV-3630, 2015 WL 2330476, at *6 (S.D.N.Y. May 14, 2015) (applying the "single integrated enterprise" test to claims under the NYLL); *Galicia v. Ice Cream House on Bedford Ave LLC*, No. 16-CV-6738, 2017 WL 6733985, at *2 (E.D.N.Y. Oct. 17, 2017) (applying the single integrated enterprise test and the joint employer test in a case that alleged violations of both the FLSA and the NYLL).  The Court has determined that the plaintiff has sufficiently pled that the defendant entities were a single integrated enterprise.  Accordingly, the defendants' motion to dismiss the Section 195 NYLL claims is denied.

## III. Retaliation Claims[5]

The defendants move to dismiss the plaintiff's FCA and the NYFCA retaliation claims against the Corporate Defendants, except for Marhaba.  (ECF No. 17-1 at 17-21.)  The plaintiff

---

[4] The defendants also attach payroll records to their motion to show that the plaintiff was salaried worker.  At this stage of the litigation, the Court does not consider these records, because defendants must demonstrate the exemption based on the face of the complaint alone.  Accordingly, the Court will not consider the payroll records.  *See, e.g.*, *Bachaveva v. Americare Certified Special Services. Inc.*, No. 12-CV-1466, 2013 WL 1171741, *5 (E.D.N.Y. Mar. 20, 2013) (declining to consider the payroll reports submitted with the motion to dismiss).

[5] The defendants do not move to dismiss the plaintiff's NYLL retaliation claim.

argues that the Corporate Defendants are a single integrated employer under the FCA and NYFCA. (ECF No. 18 at 23-25.)

No court in this circuit has applied the single integrated enterprise to FCA retaliation claims. Citing *Lawrence* and *Shi v. Moog Inc.*, the plaintiff urges the Court to apply the doctrine to his FCA claims. In *Lawrence*, the court observed only that the "the Second Circuit has not addressed whether a corporate parent may be held liable for an FCA [] retaliation claim under a single employer or joint employer theory of liability;" the court found that even if the doctrine applied, the plaintiff did not plead sufficient facts to support its application. *Lawrence v. Int'l Bus. Mach. Corp.*, No. 12-CV-8433, 2017 WL 3278917, at *5 (S.D.N.Y. Aug. 1, 2017). In *Shi*, the court did not do a single integrated enterprise doctrine analysis. Rather, the court found that an employee could potentially bring FCA retaliation claims against a parent company if discovery demonstrated "a day-to-day working relationship" with the parent. *Shi v. Moog Inc.*, No. 19-CV-339V, 2019 WL 4543129, at *6 (W.D.N.Y. Sept. 19, 2019), *report and recommendation adopted*, No. 19-CV-339, 2020 WL 5668979 (W.D.N.Y. Sept. 24, 2020). Under these circumstances, I decline to hold that the single enterprise doctrine should apply to FCA retaliation claims. Accordingly, the plaintiff's FCA and NYFCA retaliation claims will proceed only against Marhaba.

## CONCLUSION

For these reasons, the defendants' motion is denied in part and granted in part. The Court denies the defendants' motion to dismiss the FLSA and NYLL claims and grants the defendants' motion to dismiss the FCA and NYFCA claims against the Corporate Defendants other than Marhaba.

**SO ORDERED.**

                                                                  s/Ann M. Donnelly

                                                                  ANN M. DONNELLY
                                                                  United States District Judge

Dated: Brooklyn, New York
            March 23, 2023