UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
UWAIS SYED,

                         PLAINTIFF,                   **Civil Action No.:**
                                                 **1:21-CV-06000 (AMD)(PK)**

                 -against-               **Verified Answer by S&P**
                                           **Corporation with**
S&P PHARMACY CORP., SHAZIA PHARMACY       **Counterclaims**
INC., NATHAN'S PHARMACY, SAUL'S PHARMACY
AND SURGICAL SUPPLIES, APNI PHARMACY CORP.,
WATTO CORPORATION, MEDICINE SHOPPE
PHARMACY, PERVEZ SIDDIQUI, SHAZIA BIBI, and
SHAHBAZ WATTO,
                      DEFENDANTS.

S&P PHARMACY CORP.

                COUNTER-CLAIM PLAINTIFF

                   -against-
UWAIS SYED,

                COUNTER-CLAIM DEFENDANT
--------------------------------------------------------------------X

      Defendant S&P PHARMACY CORP., ("Marhaba") by and through their attorney,

PERVEZ & REHMAN, P.C., Answer the Amended Complaint as follows:

## JURISDICTION AND VENUE

1. The allegations contained in paragraph 1 of the Amended Complaint are conclusions of law to which no response is required, but to the extent that the averments may be deemed facts they are admitted but answering Defendant avers no violation of the law has occurred.

      1

2.   The allegations contained in paragraph 2 of the Amended Complaint are conclusions of law to which no response is required, but to the extent that the averments may be deemed facts they are admitted but answering Defendant avers no violation of the law has occurred.

## **PARTIES**

3.   The statements contained in paragraph 3 of the Amended Complaint are definitions and not facts to which a response is required. To the extent that the averments may be deemed facts they are denied.

4.   The statements contained in paragraph 4 of the Amended Complaint are definitions and not facts to which a response is required. To the extent that the averments may be deemed facts they are denied.

5.   The statements contained in paragraph 5 of the Amended Complaint are definitions and not facts to which a response is required. To the extent that the averments may be deemed facts they are denied.

6.   Defendant admits the allegations contained in paragraph 6 of the Amended Complaint.

7.   Defendant is without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 7 of the Amended Complaint.

8.   Defendant is without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 8 of the Amended Complaint.

9.   Defendant is without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 9 of the Amended Complaint.

10. Defendant is without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 10 of the Amended Complaint.

11. Defendant is without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 11 of the Amended Complaint.

12. Defendant is without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 12 of the Amended Complaint.

13. Defendant is without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 13 of the Amended Complaint except admits that S&P Corp. has an annual gross volume of sales at or over $500,000.

14. Admit that during part of the relevant time Pervez Siddiqui ("Siddiqui") was a shareholder of S&P Pharmacy Corp. until December 31, 2021. Defendant is without knowledge or information sufficient to enable them to admit or deny the remaining allegations contained in paragraph 14 of the Amended Complaint.

15. Admit that during the relevant time Shazia Bibi ("Bibi") was a 50% shareholder of S&P Pharmacy Corp. until December 31, 2021. Subsequently and currently, Bibi is 100% shareholder of S&P. Defendant is without knowledge or information sufficient to enable them to admit or deny the remaining allegations contained in paragraph 15 of the Amended Complaint.

16. Admit that during part of the relevant time, Shahbaz Watto[1] ("Wattoo") was a front-end manager for S&P Corporation. Defendant denies that Watoo owns S&P Corporation. Defendant is without knowledge or information sufficient to enable them to admit or deny the remaining allegations contained in paragraph 16 of the Amended Complaint.

---

[1] Shahbaz Watto is incorrectly named in this action. His real name is Muhammad Shahbaz.

17. Defendant admits that Plaintiff was employed by S&P Corporation as Supervising Pharmacist from August 2018 to June 26, 2021 but denies the remaining allegations in paragraph 17 of the Amended Complaint.

18. The allegations contained in paragraph 18 of the Amended Complaint are conclusions of law to which no response is required, but to the extent that the averments may be deemed facts they are denied.

19. Defendant is without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 19 of the Amended Complaint.

20.  Defendant denies that Plaintiff is a competent, thorough and honest employee. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations contained in paragraph 10 of the Amended Complaint.

21. Defendant admits the allegations contained in paragraph 21 of the Amended Complaint.

22. Defendant admits the  allegations contained in paragraph 22 of the Amended Complaint, during the relevant time.

23. Defendant admits that Siddiqui and Bibi were shareholders of S&P Corporation during the relevant times, denies that it is an integrated enterprise that shares resources, employees and supplies. Answering Defendant is without knowledge or information sufficient to enable them to admit or deny the  remaining allegations contained in paragraph 23 of the Amended Complaint.

24. Defendant admits that Siddiqui and Bibi were shareholders of S&P Corporation during the relevant times but denies the remaining allegations contained in paragraph 24 of the Amended Complaint as they relate to S&P. As to the other named Defendants, S&P is

without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 24 of the Amended Complaint.

25. Defendant is without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 25 of the Amended Complaint as it relates to non-answering Corporate Defendants but denies that it ever used any office space other than the retail space located at S&P Pharmacy Corporation d/b/a Marhaba Pharmacy.

26.  Defendant is without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 25 of the Amended Complaint as it relates to remaining Corporate Defendants but Defendant denies the allegations contained in paragraph 26 of the Amended Complaint as it relates to S&P..

27. Defendant is without knowledge or information sufficient to enable them to admit or deny the allegations as they relate to Kutab Rangwla's position at Healthy Ways. S&P denies the remaining allegations contained in paragraph 27 of the Amended Complaint.

28.  Defendant is without knowledge or information sufficient to enable them to admit or deny the allegations as they relate to Ms. Rola's position at Nathan's Pharmacy. S&P denies the remaining allegations contained in paragraph 28 of the Amended Complaint but admits that Plaintiff was often unable to travel to work because of inclement weather and took many days off.

29. Defendant denies that an individual named Tayymur worked a regular shift every Sunday at Marhaba Pharmacy. Defendant is without knowledge or information sufficient to enable them to admit or deny the remaining allegations contained in paragraph 29 of the Amended Complaint.

30.  Defendant admits that Plaintiff took off extensive time during the winter of 2020 as a result of a potential Covid-19 outbreak, and did not report to work but denies the remaining allegations contained in paragraph 30 of the Amended Complaint.

31. Defendant is without knowledge or information sufficient to enable them to admit or deny the allegations related to other Defendants contained in paragraph 31 of the Amended Complaint but admits that Siddiqui and Bibi had the power to set schedules for employees of Marhaba Pharmacy.

32. Defendant denies the allegations contained in paragraph 32 of the Amended Complaint.

33. Defendant is without knowledge or information sufficient to enable them to admit or deny the allegations related to other Defendants contained in paragraph 33 of the Amended Complaint but admits that Siddiqui and Bibi had the power to set schedules for employees of Marhaba Pharmacy. S&P denies all other allegations in paragraph 33 of the Amended Complaint.

34. Defendant denies that Usman worked for Marhaba Pharmacy and denies knowledge or information as they relate to the remaining allegations contained in paragraph 34 of the Amended Complaint.

35. As to Answering Defendant, Defendant denies the allegations contained in paragraph 35 of the Amended Complaint and has no knowledge or information pertaining to the allegations against the remaining Defendants.

36. As to Answering Defendant, Defendant denies the allegations contained in paragraph 36 of the Amended Complaint and has no knowledge or information pertaining to the allegations against the remaining Defendants.

37. As to Answering Defendant, Defendant denies the allegations contained in paragraph 37 of the Amended Complaint. Defendant has no knowledge or information pertaining to the allegations against the remaining Defendants.

38. As to Answering Defendant, Defendant denies the allegations contained in paragraph 38 of the Amended Complaint.  Defendant has no knowledge or information pertaining to the allegations against the remaining Defendants.

39. As to Answering Defendant, Defendant denies the allegations contained in paragraph 39 of the Amended Complaint. Defendant has no knowledge or information pertaining to the allegations against the remaining Defendants.

40. As to Answering Defendant, Defendant denies the allegations contained in paragraph 40 of the Amended Complaint. Defendant has no knowledge or information pertaining to the allegations against the remaining Defendants.

41. As to Answering Defendant, Defendant denies the allegations contained in paragraph 41 of the Amended Complaint. Defendant has no knowledge or information pertaining to the allegations against the remaining Defendants.

42. As to Answering Defendant, Defendant denies the allegations contained in paragraph 42 of the Amended Complaint. Defendant has no knowledge or information pertaining to the allegations against the remaining Defendants.

43. As to Answering Defendant, Defendant denies the allegations contained in paragraph 43 of the Amended Complaint. Defendant has no knowledge or information pertaining to the allegations against the remaining Defendants.

44. As to Answering Defendant, Defendant denies the allegations contained in paragraph 44 of the Amended Complaint. Defendant has no knowledge or information pertaining to the allegations against the remaining Defendants.

45. As to Answering Defendant, Defendant denies the allegations contained in paragraph 45 of the Amended Complaint. Defendant has no knowledge or information pertaining to the allegations against the remaining Defendants.

46. Defendant is without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 49 of the Amended Complaint.

47. As to Answering Defendant, Defendant denies the allegations contained in paragraph 47 of the Amended Complaint. Defendant has no knowledge or information pertaining to the allegations against any other Defendants.

48. As to Answering Defendant, Defendant denies the allegations contained in paragraph 48 of the Amended Complaint. Defendant has no knowledge or information pertaining to the allegations against any other Defendants.

49. As to Answering Defendant, Defendant denies the allegations contained in paragraph 49 of the Amended Complaint. Defendant has no knowledge or information pertaining to the allegations against any other Defendants.

50. Admit only that Plaintiff worked for Marhaba but denies all other allegations in paragraph 50 of the Amended Complaint.  Defendant has no knowledge or information pertaining to the allegations against any other Defendants.

**<u>Retaliation Facts</u>**

51. Defendant only admits that Plaintiff began working for Marhaba as a supervising pharmacist in August 2018 and denies the remaining allegations contained in paragraph 51 of the Amended Complaint.

52. Defendant admits the allegations contained in paragraph 52 of the Amended Complaint.

53. Defendant denies the allegations contained in paragraph 53 of the Amended Complaint.

54. Defendant denies the allegations contained in paragraph 54 of the Amended Complaint.

55. Defendant denies the allegations contained in paragraph 55 of the Amended Complaint.

56. Defendant denies the allegations contained in paragraph 56 of the Amended Complaint.

57. Defendant denies the allegations contained in paragraph 57 of the Amended Complaint.

58. Defendant denies the allegations contained in paragraph 58 of the Amended Complaint.

59. Defendant denies the allegations contained in paragraph 59 of the Amended Complaint.

60. Defendant is without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 60 of the Amended Complaint.

61. Defendant denies the allegations contained in paragraph 61 of the Amended Complaint.

62. Defendant denies the allegations contained in paragraph 62 of the Amended Complaint

63. Defendant denies the allegations contained in paragraph 63 of the Amended Complaint.

64. Defendant denies the allegations contained in paragraph 64 of the Amended Complaint.

65. Defendant denies the allegations contained in paragraph 65 of the Amended Complaint.

66. The allegations contained in paragraph 66 of the Amended Complaint are conclusions of law to which no response is required, but to the extent that the averments may be deemed facts they are denied.

67. Defendant denies the allegations contained in paragraph 67 of the Amended Complaint.

68. Defendant denies the allegations contained in paragraph 68 of the Amended Complaint.

69. Defendant denies the allegations contained in paragraph 69 of the Amended Complaint.

70. Defendant denies the allegations contained in paragraph 70 of the Amended Complaint.

71. The allegations contained in paragraph 71 of the Amended Complaint are conclusions of law to which no response is required, but to the extent that the averments may be deemed facts they are denied.

72. Defendant denies the allegations contained in paragraph 72 of the Amended Complaint

73. Defendant denies the allegations contained in paragraph 73 of the Amended Complaint.

74. Defendant denies the allegations contained in paragraph 74 of the Amended Complaint.

75. Defendant denies the allegations contained in paragraph 75 of the Amended Complaint

76. Defendant denies the allegations contained in paragraph 76 of the Amended Complaint

77. Defendant denies the allegations contained in paragraph 77 of the Amended Complaint

78. Defendant denies the allegations contained in paragraph 78 of the Amended Complaint.

79. Defendant admits the allegations contained in paragraph 79 of the Amended Complaint.

80. Defendant denies the allegations contained in paragraph 80 of the Amended Complaint.

81. Defendant admits only that Siddiqui and Plaintiff met often, including in February 2020 but deny the remaining allegations contained in paragraph 81 of the Amended Complaint.

82. Defendant denies the allegations contained in paragraph 82 of the Amended Complaint.

83. Defendant denies the allegations contained in paragraph 83 of the Amended Complaint.

84. Defendants are without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 84 of the Amended Complaint.

85. Defendant denies the allegations contained in paragraph 85 of the Amended Complaint.

86. Defendant denies the allegations contained in paragraph 86 of the Amended Complaint.

87. Defendant denies the allegations contained in paragraph 87 of the Amended Complaint

88. Defendant denies the allegations contained in paragraph 88 of the Amended Complaint.

89. Defendant admits that Plaintiff's job was to instruct the Pharmacy technicians to abide by appropriate regulations and deny the remaining allegations contained in paragraph 89 of the Amended Complaint.

90. Defendant admits that best practices for compliance and record keeping operations were already in place and were under the purview of the Supervising Pharmacist, Plaintiff. Defendant denies the remaining allegations contained in paragraph 90 of the Amended Complaint.

91. Defendant denies  the allegations contained in paragraph 91 of the Amended Complaint.

92. Defendant is without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 92 of the Amended Complaint.

93. Defendant admits the allegations contained in paragraph 93 of the Amended Complaint.

94. Defendant denies the allegations contained in paragraph 94 of the Amended Complaint.

95. Defendant admits that Marhaba Pharmacy underwent a routine DEA audit and was in compliance with the assistance of Plaintiff and the entire Marhaba staff.  Defendant denies the remaining allegations in paragraph 95 of the Amended Complaint.

96. Defendant denies the allegations contained in paragraph 96 of the Amended Complaint.

97. Defendant denies the allegations contained in paragraph 97 of the Amended Complaint.

98. Defendant denies the allegations contained in paragraph 98 of the Amended Complaint.

99. Defendant denies the allegations contained in paragraph 99 of the Amended Complaint.

100.     Defendant admits that Marhaba pharmacy underwent some renovations but denies the remaining allegations contained in paragraph 100 of the Amended Complaint.

101.     Defendant denies the allegations contained in paragraph 101 of the Amended Complaint.

102.     Defendant denies the allegations contained in paragraph 102 of the Amended Complaint.

103.     Defendant admits that the technicians were required to comply with pharmaceutical regulations but denies the remaining allegations contained in paragraph 103 of the Amended Complaint.

104.     Defendant admits that Plaintiff had the authority to set up processes and systems to ensure compliance but deny the remaining allegations contained in paragraph 104 of the Amended Complaint.

105.     Defendant denies the allegations contained in paragraph 105 of the Amended Complaint.

106.     Defendant admits that Cytotec is a medication that is filled and sold to customers who present a prescription and denies the knowledge sufficient to admit or deny the remaining allegations contained in paragraph 106 of the Amended Complaint.

107.     Defendant is without knowledge or information sufficient to enable them to admit or deny the allegations contained in paragraph 107 of the Amended Complaint as they related to what Plaintiff did or what doctors did. Defendant denies the remaining allegations in paragraph 107 of the Amended Complaint.

108.     Defendant denies the allegations contained in paragraph 108 of the Amended Complaint.

109.     Defendant admits that an email was sent to Siddiqui on or about April 11, 2021 but denies the remaining allegations contained in paragraph 109 of the Amended Complaint.

110.     Defendant denies the allegations contained in paragraph 110 of the Amended Complaint.

111.     Defendant denies the allegations contained in paragraph 111 of the Amended Complaint.

112.     Defendant denies the allegations contained in paragraph 112 of the Amended Complaint.

113.     Defendant denies the allegations contained in paragraph 113 of the Amended Complaint.

114.     The allegations contained in paragraph 114 of the Amended Complaint are conclusions of law to which no response is required, but to the extent that the averments may be deemed facts they are denied.

115.     The allegations contained in paragraph 115 of the Amended Complaint are conclusions of law to which no response is required, but to the extent that the averments may be deemed facts they are denied.

116.     Defendant denies the allegations contained in paragraph 116 of the Amended Complaint.

117.     Defendant denies the allegations contained in paragraph 117 of the Amended Complaint but admits that Plaintiff was responsible for ensuring the pharmacy was compliant with all relevant state and federal laws.

118.     Defendant admits that Plaintiff was fired for sexual harassment but denies the remaining allegations contained in paragraph 118 of the Amended Complaint.

119.     Defendant admits that Plaintiff was terminated on or about June 26, 2021.

120.   Defendant admits that Plaintiff was not provided an exact reason for his termination.

121.   Defendant denies the allegations contained in paragraph 121 of the Amended Complaint and notes that Plaintiff was not an excellent employee and there were several complaints about his work performance, including sexual harassment.

122.   Defendant denies the allegations contained in paragraph 122 of the Amended Complaint.

123.   Defendant denies the allegations contained in paragraph 123 of the Amended Complaint.

**Wage and Hour Facts**

124.   Defendant admits that Plaintiff worked as an exempt employee for Marhaba only and denies the remaining allegations contained in paragraph 124 of the Amended Complaint.

125.   Defendant admits that Plaintiff was employed by Marhaba but denies the remaining allegations in paragraph 125 of the Amended Complaint.

126.   Defendant admits the allegations contained in paragraph 126 of the Amended Complaint.

127.   Defendant denies the allegations contained in paragraph 127 of the Amended Complaint.

128.   Defendant denies the allegations contained in paragraph 128 of the Amended Complaint.

129.     Defendant denies the allegations contained in paragraph 129 of the Amended Complaint but admits that Wattoo was the front-end manager but did not supervise Plaintiff.

130.     Defendant denies the allegations contained in paragraph 130 of the Amended Complaint.

131.     Defendant denies the allegations contained in paragraph 131 of the Amended Complaint.

132.     Defendant denies the allegations contained in paragraph 132 of the Amended Complaint.

133.     Defendant admits that Wattoo was the front-end manager. The remaining allegations contained in paragraph 133 of the Amended Complaint are conclusions of law to which no response is required, but to the extent that the averments may be deemed facts they are denied.

134.     Defendant admits the allegations contained in paragraph 134 of the Amended Complaint.

135.     Defendant denies the allegations contained in paragraph 135 of the Amended Complaint as it relates to S&P but admits that there was a meeting with Siddiqui, Plaintiff which was briefly attended by Wattoo.

136.     Defendant admits that Bibi was a co-owner of Marhaba Pharmacy but denies that she was Plaintiff's employer. Defendant denies all other allegations contained in paragraph 136 of the Amended Complaint.

137.     Defendant denies the allegations contained in paragraph 137 of the Amended Complaint except admit that Bibi could write checks.

138.     Defendant denies the allegations contained in paragraph 138 of the Amended Complaint.

139.     Defendant admits the allegations contained in paragraph 139 of the Amended Complaint.

140.     Defendant denies the allegations contained in paragraph 140 of the Amended Complaint.

141.     Defendant denies the allegations contained in paragraph 141 of the Amended Complaint.

142.     Defendant denies the allegations contained in paragraph 142 of the Amended Complaint.

143.     Defendant denies the allegations contained in paragraph 143 of the Amended Complaint.

144.     The allegations contained in paragraph 144 of the Amended Complaint are conclusions of law to which no response is required, but to the extent that the averments may be deemed facts they are denied.

**FIRST CLAIM FOR RELIEF**
**(False Claims Act Retaliation – 31 U.S.C. §3730)**

145.     Defendant repeats, reiterates and realleges each and every response made in paragraphs contained herein.

146.     The allegations contained in paragraph 146 of the Amended Complaint are conclusions of law to which no response is required, but to the extent that the averments may be deemed facts they are denied.

147.     The allegations contained in paragraph 147 of the Amended Complaint are conclusions of law to which no response is required, but to the extent that the averments may be deemed facts they are denied.

## SECOND CLAIM FOR RELIEF
### (New York False Claims Act Retaliation – N.Y. State Fin. Law § 191)

148.     Defendant repeats, reiterates and realleges each and every response made in paragraphs contained herein.

149.     The allegations contained in paragraph 149 of the Amended Complaint are conclusions of law to which no response is required, but to the extent that the averments may be deemed facts they are denied.

150.     The allegations contained in paragraph 150 of the Amended Complaint are conclusions of law to which no response is required, but to the extent that the averments may be deemed facts they are denied.

## THIRD CLAIM FOR RELIEF
### (New York Labor Law § 740  – Retaliation)

151.     Defendant repeats, reiterates and realleges each and every response made in paragraphs contained herein.

152.     The allegations contained in paragraph 152 of the Amended Complaint are conclusions of law to which no response is required, but to the extent that the averments may be deemed facts they are denied.

153.     The allegations contained in paragraph 153 of the Amended Complaint are conclusions of law to which no response is required, but to the extent that the averments may be deemed facts they are denied.

154.     The allegations contained in paragraph 154 of the Amended Complaint are conclusions of law to which no response is required, but to the extent that the averments may be deemed facts they are denied.

155.     The allegations contained in paragraph 155 of the Amended Complaint are conclusions of law to which no response is required, but to the extent that the averments may be deemed facts they are denied.

## FOURTH CLAIM FOR RELIEF
### (FLSA Overtime Violations, 29 U.S.C. §§ 201 et seq.)

156.     Defendant repeats, reiterates and realleges each and every response made in paragraphs contained herein.

157.     Defendant admits that Plaintiff was a salaried employee and worked, at times, up to forty-five (45) hours per week but was exempt from overtime.

158.     The allegations contained in paragraph 158 of the Amended Complaint are conclusions of law to which no response is required, but to the extent that the averments may be deemed facts they are denied.

159.     The allegations contained in paragraph 159 of the Amended Complaint are conclusions of law to which no response is required, but to the extent that the averments may be deemed facts they are denied.

## FIFTH CLAIM FOR RELIEF
### (New York State Overtime Violations, N.Y. Comp. Codes R. & Regs. Tit. 12 §§ 142-2.2, 143-3.2)

160.     Defendant repeats, reiterates and realleges each and every response made in paragraphs contained herein.

161.     The allegations contained in paragraph 161 of the Amended Complaint are conclusions of law to which no response is required, but to the extent that the averments may be deemed facts they are denied.

162.     The allegations contained in paragraph 162 of the Amended Complaint are conclusions of law to which no response is required, but to the extent that the averments may be deemed facts they are denied.

163.     The allegations contained in paragraph 163 of the Amended Complaint are conclusions of law to which no response is required, but to the extent that the averments may be deemed facts they are denied.

## SIXTH CLAIM FOR RELIEF
**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)**

164.     Defendant repeats, reiterates and realleges each and every response made in paragraphs contained herein.

165.     The allegations contained in paragraph 165 of the Amended Complaint are conclusions of law to which no response is required, but to the extent that the averments may be deemed facts they are denied.

166.     The allegations contained in paragraph 166 of the Amended Complaint are conclusions of law to which no response is required, but to the extent that the averments may be deemed facts they are denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, by PLAINTIFF's own conduct and by the doctrines of equitable estoppel, laches, waiver, and unclean hands.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

At all relevant times herein, DEFENDANT's actions were reasonable, proper, lawful, constitutional, made in good faith and without malice or willfulness.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

PLAINTIFF's alleged damages or injuries were not caused by or related to DEFENDANT's conduct.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The claims asserted in the Amended Complaint are barred to the extent any injury or damage sustained by PLAINTIFF was caused by PLAINTIFF's own conduct.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

PLAINTIFF's claims are barred, in whole or in part, because DEFENDANT breached no duty owed to PLAINTIFF under federal, state, or local law.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

PLAINTIFF's claims are barred, in whole or in part, because PLAINTIFF's claims are frivolous and groundless and known to PLAINTIFF to be frivolous and groundless and without foundation in fact or law. Furthermore, this suit is being pursued in bad faith for vexatious reasons to harass DEFENDANT.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

If PLAINTIFF suffered any injury, which DEFENDANT deny, they are not entitled to any recovery because they have failed to mitigate damages.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

The PLAINTIFF claims are barred, in whole or in part, because PLAINTIFF was properly compensated under the Fair Labor Standards Act (FLSA), the New York State Department of Labor Wage Orders, and/or the New York Labor Law.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

PLAINTIFF's claims are barred, in whole or in part, because PLAINTIFF was an exempt employee within the meaning of the FLSA, the New York State Department of Labor Wage Orders, and/or the New York Labor Law.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

PLAINTIFF's claims are barred, in whole or in part, because, at all times material to the Amended Complaint, defendant did not willfully fail to comply with the FLSA, the New York State Department of Labor Wage Orders, and/or the New York Labor Law, but acted in good faith and in compliance with the Department of Labor and/or the New York State Department of Labor.

## AS AND FOR A TWELVETH AFFIRMATIVE DEFENSE

DEFENDANT has insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available. DEFENDANT reserves the right to amend or add defenses which may become known later during the course of discovery or revealed during pretrial procedures.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

PLAINTIFF's claims are barred, in whole or in part, because PLAINTIFF may not recover for non-compensable preliminary or postliminary work.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant S&P PHARMACY CORP., hereby demand judgment dismissing the Amended Complaint in its entirety, together with the cost and disbursements of this action, including attorneys' fees, and for such further relief as this court may deem just, equitable, and proper.

Defendant expressly reserves the right to amend its Answer and assert additional defenses and/or supplement, alter or change this Answer upon completion of appropriate investigation and discovery.

## COUNTERCLAIMS ON BEHALF OF DEFENDANT S&P CORPORATION

Defendant S&P PHARMACY CORP. d/b/a Marhaba Pharmacy (hereinafter, "Counterclaim Plaintiff" or "MARHABA"), by and through its attorneys, PERVEZ & REHMAN, P.C., by way of Counterclaim against Plaintiff UWAIS SYED (hereinafter, "Counterclaim Defendant" or SYED ), allege as follows:

## THE PARTIES

1. Counterclaim Defendant Uwais Syed is a natural person and a resident of River Edge, New Jersey.

2. Counterclaim Plaintiff S&P Corp. d/b/a Marhaba Pharmacy ("Marhaba") is a New York corporation that operates a retail pharmacy business known as Marhaba Pharmacy, located at 2029 Bath Avenue, Brooklyn, NY 11214.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to its supplemental jurisdiction under 28 U.S.C. § 1367 and Fed. R. Civ. P. 13.

4. Venue is proper in this County because MARHABA conducts business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

5. SYED was employed as the Supervising Pharmacist at MARHABA from on or about August 2018 until on or about June 2021 ("Syed's Employment Period")

6. During the period of August 2018 until around December 2021, Pervez Siddiqui ("Mr. Siddiqui") and Shazia Bibi ("Ms. Bibi") each were fifty percent (50%) shareholders in MARHABA. Following December 2021, Shazia Bibi became the sole owner and shareholder.

7. Mr. Muhammad Shahbaz ("Mr. Wattoo") was never an owner but a front-end manager of MARHABA.

8. SYED reported to Mr. Siddiqui exclusively.

9. As the Supervising Pharmacist, SYED's duties included oversight of subordinate employees, verifying prescriptions, filling orders, and ensuring compliance with state and federal regulations.

10. While SYED was the Supervising Pharmacist at MARHABA, he was derelict in many of his duties.

*Time Theft Facts*

11. SYED made egregious work-related mistakes and engaged in time theft.

12. Instead of focusing on responsibilities at MARHABA, SYED saw his shifts as free time to complete tasks for his multiple businesses, including Herbiomed.

13. He used working time at Marhaba to engage in personal affairs.

14. SYED was often on his cell-phone, taking both personal and business calls, purchasing goods and materials for an independent lab he ran, checking his external work emails, conducting research for his other companies, and negotiating contracts for his business endeavors.

15. SYED also used working time at Marhaba to manage the employees and independent contractors he hired to run his lab and other business ventures.

16. SYED also promoted his businesses to MARHABA's customers, encouraging them to purchase his cough syrup, and tried to convince doctors to  prescribe SYED's products.

17. Additionally, several employees complained that SYED sat on a stool all day, fell asleep on the job, and browsed Facebook and other social media frequently.

18. Even more concerning, employees complained that SYED did not review or sign off on verifications in a timely manner, often filled the wrong prescription for patients, and almost gave the wrong prescriptions to patients with similar names.

19. These avoidable errors were frequent and as a direct result of SYED's inability to give full attention to his job.

20. SYED's errors and inability to give full attention to his work resulted in a detriment to the standard of customer care provided at MARHABA.

21. SYED's errors and inability to give full attention to his work resulted in other co-workers checking for his careless mistakes.

*Misconduct Facts*

24

22. However, MARHABA continued to employee SYED until on or around May 2021, when it was brought to their attention that SYED engaged in the sexual harassment of two younger female employees he supervised; an intolerable offense.

23. The employees who complained, alleged SYED would engage in inappropriate and idle chat with them, show them sexual videos, and purposefully brush up against or bump into female employees.

24. This behavior was especially offensive as both complainants come from conservative homes and are unmarried Muslim women.

25. An unmarried Muslim woman's chastity, honor, and reputation is highly guarded in certain communities and SYED is well aware of this cultural nuance, making this harassment even more unbearable and embarrassing.

26. The complainants told Mr. Siddiqui that they were made so uncomfortable that they would have had no option but to resign if action was not taken against SYED.

27. As such, and after investigation by Mr. Siddiqui, SYED's employment was promptly terminated on or around June 26, 2021.

28. At the time of SYED's termination, and at the request of the complaining employees, SYED was not told that his termination was due to employee misconduct and allegations of sexual harassment.

29. After SYED was terminated, he concocted and spewed the false narrative that his termination was in retaliation for allegedly reporting healthcare fraud at MARHABA.

30. SYED was the Supervising Pharmacist but he breached his duty of care, fiduciary duties, duty of loyalty and stole company time which resulted in damages to Counterclaim Plaintiff, MARHABA.

## COUNT ONE

## BREACH OF DUTY OF CARE

31. MARHABA repeats and realleges the allegations contained in the prior paragraphs of this counterclaim as set forth herein.

32. SYED was employed at MARHABA in a position of trust and confidence.

33. As part of his job responsibilities, SYED was charged with the responsibility of  ensuring compliance with state and federal regulations, maintaining accurate records of verifications and billing, and filling/dispensing correct prescriptions to customers, which constituted a duty of ordinary care in carrying out his responsibilities.

34. SYED owed a duty to MARHABA to fulfill his job responsibilities in a careful, prudent, and business-like fashion, exercising reasonable and ordinary care and competence that would be expected from someone in the position of Supervising Pharmacist.

35. SYED breached those duties to MARHABA by discharging his job responsibilities in a negligent, careless, and incompetent fashion, contravening MARHABA's interest in maintaining orderly and efficient business.

36. SYED's actions constituting a breach of duty of care include, but are not limited to: i) not reviewing or signing off on verifications in a timely manner, ii) confusing prescriptions of customers with the same or similar names, iii) inappropriately promoting his personal business endeavors, iv) using his cell-phone, v) taking personal calls, vi) ordering goods and materials for an independent lab he ran, vii) checking his other work email, viii) negotiating contracts for his lab, ix) watching videos, having inappropriate and idle chat

26

with his colleagues, and x) sexually harassing other employees. All these action took place while SYED was working for MARHABA.

37. SYED's actions constitute negligent, careless, and incompetent conduct, and are the proximate cause of injury to MARHABA.

38. For the foregoing reasons, MARHABA has been damaged in an amount to be determined at trial, but expected to exceed the sum of approximately $300,000.00, plus interest, attorneys' fees, costs and expenses.

## COUNT TWO

## **BREACH OF FIDUCIARY DUTY**

39. MARHABA repeats and realleges the allegations contained in the prior paragraphs of this counterclaim as set forth herein.

40. SYED was employed at MARHABA in a position of trust and confidence.

41. As an employee, SYED owed MARHABA a fiduciary duty of loyalty and honesty. By virtue of these duties, SYED was prohibited from acting in a disloyal manner, or in any way inconsistent with that fiduciary relationship.

42. SYED's aforesaid conduct creating a hostile work environment and engaging in time theft constituted a breach of his fiduciary duty owed to MARHABA.

43. For the foregoing reasons, MARHABA has been damaged in an amount to be determined at trial, but expected to exceed the sum of approximately $300,000.00, plus interest, attorneys' fees, costs and expenses.

## COUNT THREE

**BREACH OF DUTY OF LOYALTY**

44. MARHABA repeats and realleges the allegations contained in the prior paragraphs of this counterclaim as set forth herein.

45. SYED was employed at MARHABA in a position of trust and confidence.

46. As an employee, and especially as Supervising Pharmacist, SYED owed MARHABA and his subordinates fiduciary duty of utmost good faith, loyalty and honesty to not to act in any manner inconsistent with his agency and trust while engaged as an employee.

47. SYED's aforesaid unlawful conduct, creating a hostile work environment and engaging in time theft constitutes a breach of the duty of loyalty owed to MARHABA.

48. For the foregoing reasons, MARHABA has been damaged in an amount to be determined at trial, but expected to exceed the sum of approximately $300,000.00, plus interest, attorneys' fees, costs and expenses.

**COUNT FOUR**

**FAITHLESS SERVANT**

49. MARHABA repeats and realleges the allegations contained in the prior paragraphs of this counterclaim as set forth herein.

50. SYED was employed at MARHABA in a position of trust and confidence.

51. As an employee, SYED  owed MARHABA a duty of loyalty, honesty and fidelity.

52. By virtue of these duties, SYED was prohibited from acting in a disloyal manner, or in any way inconsistent with that trust relationship.

53. Pursuant to the faithless servant doctrine, SYED, as Supervising Pharmacist, was obligated to be loyal to MARHABA and was prohibited from acting in a manner inconsistent with

his agency or trust and was bound to exercise the utmost good faith and loyalty in the performance of his duties.

54. SYED's aforesaid unlawful conduct creating a hostile work environment and engaging in time theft constitutes a breach of the fiduciary duty owed to MARHABA.

55. SYED's aforesaid unlawful conduct was related to and performed in the course of his employment duties.

56. Consequently, SYED's disloyalty permeated his services in its most material and substantial part; it interfered with MARHABA's customers' standard of care and the wellbeing of his subordinates.

57. As a consequence of SYED's conduct, which constitutes a cause of action pursuant to the faithless servant doctrine, MARHABA has been injured, which it is entitled to recover damages including but not limited to the return of wages, bonuses and other compensation paid to MARHABA, financial loss, loss of goodwill and reputation, compensatory and special damages, interest and punitive damages in an amount as the proof at a trial may warrant.


**WHEREFORE**, by reason of the foregoing, MARHABA respectfully requests the following relief:

(1) As against SYED's complaint, judgment dismissing the complaint, with prejudice, together with an award of costs, including reasonable attorney's fees incurred by MARHABA;

(2) On the first counterclaim, in an amount to be determined at trial, but expected to exceed the sum of approximately but expected to exceed the sum of approximately $300,000.00, plus interest, attorneys' fees, costs and expenses;

(3) On the second counterclaim, in an amount to be determined at trial, but expected to exceed the sum of but expected to exceed the sum of approximately $300,000.00, plus interest, attorney's fees, costs and expenses;

(4) On the third counterclaim, in an amount to be determined at trial, but expected to exceed the sum of but expected to exceed the sum of approximately $300,000.00, plus interest, attorneys' fees, costs and disbursements;

(5) On the fourth counterclaim,damages including but not limited to the return of wages, bonuses and other compensation paid to MARHABA, financial loss, loss of goodwill and reputation, compensatory and special damages, interest and punitive damages in an amount as the proof at a trial may warrant;

(6) Compensatory damages;

(7) Costs of suit;

(8) attorneys' fees; and

(9) Any such further relief the court deems just and proper.

Dated: May 23, 2023
      Commack, New York

                      _s/s Nadia M. Pervez_____
                      Nadia M. Pervez, Esq. (NP-5388)
                      Aneeba Rehman, Esq. (AR 6404)
                      *Attorneys for the Defendants*
                      Pervez & Rehman, P.C.
                      6268 Jericho Turnpike, Suite 8
                      Commack, NY 11725
                      (631) 427-0700
                      npervez@pervezrehman.com

To: All Counsel of Record via ECF

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

UWAIS SYED,

        PLAINTIFF,      **Civil Action No.:**
                   **1:21-CV-06000 (AMD)(PK)**


        -against-      **Verification**

S&P PHARMACY CORP., SHAZIA PHARMACY
INC., NATHAN'S PHARMACY, SAUL'S PHARMACY
AND SURGICAL SUPPLIES, APNI PHARMACY CORP.,
WATTO CORPORATION, MEDICINE SHOPPE
PHARMACY, PERVEZ SIDDIQUI, SHAZIA BIBI, and
SHAHBAZ WATTO,
        DEFENDANTS,


S&P PHARMACY CORP.


      COUNTER-CLAIM PLAINTIFF

       -against-

UWAIS SYED,

      COUNTER-CLAIM DEFENDANT
-------------------------------------------------------------------X
        **VERIFICATION**
STATE OF NEW YORK  )
          ss.:
COUNTY OF KINGS    )


I, Shazia Bibi am an officer and owner of S&P Pharmacy Corporation.  I have read the foregoing Answer with counter-claims. The contents are true to my own knowledge except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

               _____
               S&P Pharmacy Corporation
               By: Shazia Bibi

Sworn to before me on this 26 day
of May 2023

_____
Notary Public

SHAMINA DOHADWALLA
Notary Public - State of New York
NO. 01DO6277828
Qualified in Nassau County
My Commission Expires Mar 18, 2025