**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X

**UWAIS SYED,**                                                    Civil Action No.: 21 CV 6000

                                          **Plaintiff,**           **MOTION FOR**
                                                                   **ALTERNATIVE SERVICE**
              **-against-**                                        **OF SUBPOENA**

**S&P PHARMACY CORP., SHAZIA PHARMACY INC.,**
**NATHAN'S PHARMACY AND SURGICAL SUPPLIES,**
**APNI PHARMACY CORP., WATTO CORPORATION,**
**MEDICINE SHOPPE PHARMACY, PERVEZ SIDDIQUI,**
**SHAZIA BIBI, and SHAHBAZ WATTO,**

                                          **Defendants.**

## MOTION FOR ALTERNATIVE SERVICE OF SUBPOENA

Plaintiff Uwais Syed submits this memorandum of law in support of his motion for permission to serve a third-party deposition subpoena on Ms. Humaira Chaudhry via email, telephone, and certified mail to her last known address, pursuant to Federal Rule of Civil Procedure ("FRCP") 45, and this Court's inherent authority.[1]

## BACKGROUND

Plaintiff Uwais Syed brings this action against Defendants, in part, for unlawful retaliatory termination under the Federal and New York State False Claims Act and the New York Labor Law. DiGiulio Decl. ¶ 5; *see also generally* Amended Complaint (Dkt No. 16). As part of their defense in this litigation, Defendants contend that Plaintiff was lawfully terminated because two of Plaintiff's subordinates – Huma Ahmed and Humaira Chaudhry – complained about Plaintiff's inappropriate workplace behavior. DiGiulio Decl. ¶ 6. Plaintiff denies that he acted inappropriately at work. DiGiulio Decl. ¶ 7; *see also generally* Plaintiff's Answer to

---

[1] With this memorandum of law, Plaintiff submits the June 29, 2023 declaration of Michael DiGiulio ("DiGiulio Decl.") and exhibits thereto ("DiGiulio Ex. __").

Defendant's Counterclaims (Dkt No. 54).

In response to one of Plaintiff's Interrogatories, Defendants provided Plaintiff with the last known address, cell-phone number, and email address in their possession for Ms. Chaudhry. DiGiulio Decl. ¶ 11. Using this information, on June 9, 2023, Plaintiff's attorneys drafted and signed a subpoena for Ms. Chaudhry to appear at a deposition on June 28, 2023, and to produce certain relevant documents (the "Subpoena"). DiGiulio Decl. ¶ 12; DiGiulio Ex. 1. On June 9, 2023, Plaintiff sent the Subpoena to a third-party process server to serve on Ms. Chaudhry. DiGiulio Decl. ¶ 13.

Between June 9, 2023, and June 21, 2023, the process server made at least eight attempts to serve the Subpoena on Ms. Chaudhry personally, at her home address and at her place of work. DiGiulio Decl. ¶¶ 14-22; DiGiulio Ex. 2. However, the process server was unable to serve the Subpoena on Ms. Chaudhry. DiGiulio Decl. ¶ 23; DiGiulio Ex. 2. Plaintiff has diligently attempted to serve Ms. Chaudhry at both her home and her work. DiGiulio Decl. ¶ 24.

Ms. Chaudhry's current whereabouts are unknown to Plaintiff; however, Plaintiff is in possession of Ms. Chaudhry's last known email address, cell phone number, and home address based on Defendants' records. DiGiulio Decl. ¶¶ 11, 25. Plaintiff now seeks authorization to serve an amended subpoena on Ms. Chaudhry via alternative service, specifically service via email, telephone, and certified mail to her last known address. DiGiulio Decl. ¶¶ 25-26; DiGiulio Ex. 3.

On June 27, 2023, Plaintiff complied with this Court's Individual Rule VI(A)(2)(a) and notified Defense Counsel of his intent to file this motion. Defense counsel affirmed that Defendants do not object to Plaintiff's motion, but they do not join in the motion itself. *See* DiGiulio Decl. ¶¶ 3-4.

## LEGAL STANDARD

FRCP 45 sets forth the standards governing subpoenas issued to non-parties. *See* Fed. R. Civ. P. 45. "Rule 45 provides that serving a subpoena requires <u>delivering</u> a copy to the named person." *Mikhaylova v. Bloomingdale's Inc.*, Case No. 19-cv-8927, 2023 U.S. Dist. LEXIS 27553 at *2 (S.D.N.Y. Feb. 17, 2023) (internal quotation omitted) (emphasis in original). "The word 'delivering' is not defined in the Rules." *Sec. & Exch. Comm'n v. Pence*, 322 F.R.D. 450, 453 (S.D.N.Y. 2017). "Although, in the past, many courts have interpreted this language as requiring personal service…courts in the Second Circuit have authorized alternative service where…service was sufficient because it was calculated to provide timely actual notice." *Mikhaylova*, 2023 U.S. Dist. LEXIS 27553 at *2-3 (internal citations and quotations omitted) (collecting cases). Thus, "Rule 45 permits service of subpoenas by means other than personal service under appropriate circumstances." *Pence*, 322 F.R.D. at 454.

When determining whether an alternative method is appropriate, the Court must ensure that the alternative method chosen is "reasonably calculated under the circumstances to provide [the recipient] with both notice and an opportunity to present objections." *Pence* 322 F.R.D. at 455. Court approved alternative methods of service include: sending the subpoena by certified mail to the recipients last known address, *see e.g., Tube City IMS, LLC v. Anza Capital Partners, LLC*, Case No. 14-cv-1783, 2014 U.S. Dist. LEXIS 160667 at *9 (S.D.N.Y. Nov. 14, 2014), emailing the subpoena to a recipients email address, *see e.g., Mikhaylova*, 2023 U.S. Dist. LEXIS 27553 at *3-4, and contacting the recipient by telephone, *see e.g., Pence* 322 F.R.D. at 455.

When Courts permit alternative service they often "require the serving party to seek leave to serve by alternative means and to demonstrate a prior diligent attempt to personally serve."

*Kenyon v. Simon & Schuster, Inc.*, No. 16 Misc. 327, 2016 U.S. Dist. LEXIS 140917 at *8-9 (S.D.N.Y. Oct. 11, 2016). Courts have found that attempting to serve a subpoena only a few times can demonstrate the serving parties' prior diligence in effecting proper service. *See e.g.,* *Ultradent Prods., Inc. v. Hayman*, Case No. M8-85 (RPP), 2002 U.S. Dist. LEXIS 18000 at *13 (S.D.N.Y. Sept. 24, 2002) (2 prior attempts); *Tube City*, 2014 U.S. Dist. LEXIS 160667 at *2 (6 prior attempts); *see also Mikhaylova*, 2023 U.S. Dist. LEXIS 27553 at *3-4 (13 prior attempts).

## ARGUMENT

Pursuant to FRCP 45 and this Court's inherent authority, Plaintiff requests that the Court authorize Plaintiff to serve a subpoena on the third-party witness Ms. Humaira Chaudhry via email, telephone, and certified mail to her last known address.

Here, there is no question that Ms. Chaudhry's testimony is central to this case, as she has direct first-hand knowledge about Defendants' proffered reason for terminating Plaintiff's employment. Furthermore, Plaintiff has diligently attempted to serve the Subpoena previously on Ms. Chaudhry. The third-party process server hired by Plaintiff to serve the Subpoena made at least 8 attempts at personal service. DiGiulio Decl. ¶¶ 14-22; DiGiulio Ex. 2. These attempts for personal service were made at Ms. Chaudhry's home and at her place of work. DiGiulio Decl. ¶¶ 14-22; DiGiulio Ex. 2. Thus, Plaintiff has shown that he has been diligent in attempting to serve the subpoena prior to making this motion. *See Tube City*, 2014 U.S. Dist. LEXIS 160667 at *2.

Finally, Plaintiff's requested alternative method of service – by email, phone, and certified mail – are all "reasonably calculated under the circumstances to provide [Ms. Chaudhry] with both notice and an opportunity to present objections." *Pence* 322 F.R.D. at 455. Plaintiff is in possession of Ms. Chaudhry's last known physical address, email address, and cell phone, according to Defendants' business records. DiGiulio Decl. ¶ 11. Thus, it is reasonably

likely that Ms. Chaudhry will be notified of the subpoena if Plaintiff sends her the subpoena, and notifies her of its existence, via these communication methods. Notably, other courts routinely authorize these specific alternative methods of service in similar situations. *See e.g., Tube City*, 2014 U.S. Dist. LEXIS 160667 at *9 (certified mail); *Mikhaylova*, 2023 U.S. Dist. LEXIS 27553 at *3-4 (email); *Pence* 322 F.R.D. at 455 (telephone). As such, these alternative methods of service are proper and adequate under FRCP 45.

## CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that the Court issue an order authorizing Plaintiff to serve the updated subpoena, attached as Exhibit 3 to the Declaration of Michael DiGiulio, on Ms. Chaudry by email, telephone, and certified mail.

Dated: New York, NY
June 29, 2023

By: */s/ Michael DiGiulio*
Micheal DiGiulio
**JOSEPH & KIRSCHENBAUM LLP**
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640 Phone
(212) 981-9587 Fax

*Attorneys for Plaintiff*