JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas C. Buzzard
Leah Seliger
Michael DiGiulio

32 Broadway, Suite 601 D.
New York, NY 10004
Phone (212) 688-5640
Fax (212) 688-2548
www.jk-llp.com

April 12, 2024

**VIA ECF**

Honorable Ann Donnelly
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: *Syed v. S&P Pharmacy Corp., et al.* – Case No. 1:21-cv-06000 – Plaintiff's Letter Requesting a Pre-Motion Conference

Dear Judge Donnelly:

  We represent Plaintiff Uwais Syed in the above-referenced action. Pursuant to your Honor's Individual Rules 4(B), we write to request a pre-motion conference for Plaintiff's anticipated Motion for Partial Summary Judgment.[1] Plaintiff intends to seek summary judgment as to liability against certain Defendants on his overtime claims under the Fair Labor Standards Act ("FLSA") and wage statement violations under the New York Labor Law ("NYLL"). In addition, Plaintiff intends to move to dismiss all of Defendants' counterclaims.

  **I.** **Plaintiff Was a Non-Exempt Employee and Defendants Failed to Pay Him Overtime**

  The FLSA requires employers to pay employees one and a half times their regular rates for hours worked in excess of 40 hours per week. 29 U.S.C. § 207(a)(1). The term "regular rate" "refers to the hourly rate actually paid to the employee for the normal, non-overtime workweek for which he is employed." *Walling v. Youngerman Reynolds Hardwood Co.*, 325 U.S. 419, 424 (1945). Plaintiff is entitled to summary judgment on his overtime claim because it is undisputed that 1) Defendant Marhaba paid Plaintiff an hourly rate of $58 or $60 per hour, 2) Plaintiff regularly worked 45 hours per week, and 3) Defendant Marhaba did not pay Plaintiff an overtime premium.

  Neither the learned professional nor highly paid employee exemptions applied to Plaintiff. Overtime exemptions are an affirmative defense on which Defendants bear the burden of proof. *See Young v. Cooper Cameron Corp.*, 586 F.3d 201, 204 (2d Cir. 2009). Both exemptions that Defendants invoke apply only to employees who are compensated on a salary basis. *See Liu v. NY Neuromodulation med., P.L.L.C.*, Case No. 20-cv-5000, 2021 U.S. Dist. LEXIS 146044 at *3 (S.D.N.Y. Aug. 4, 2021) (learned professional exemption); *Anani v. CVS RX Servs.*, Case No. 9-cv-5535, 2011 U.S. Dist. LEXIS 57625 at *11-13 (E.D.N.Y. May 23, 2011) (highly paid employee exemption). Under the FLSA, "[a]n employee will be considered to be paid on a 'salary basis'…if the employee regularly receives each pay period on a weekly or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, *which amount is not subject to*

---

[1] Pursuant to the Court's Individual Rule 4(B)(i), Plaintiff attaches his 56.1 statement and Defendants' Response to Plaintiff's 56.1 Statement as exhibits.

1

*reduction because of variations in the quality or quantity of the work performed.*" 29 C.F.R. § 541.602 (emphasis added).

The record is undisputed that Defendant Marhaba paid Plaintiff on an hourly basis – not on a salary basis – and when Plaintiff worked less than 40 hours in a week, he was paid less than his normal 40 hours a week compensation. There is copious undisputed evidence supporting this position, such as: 1) Plaintiff's wage statements and other payroll records state that he was paid on an hourly basis, 2) Plaintiff submitted his weekly work hours to Defendant Marhaba, and was paid based on those submissions, 3) Defendant Siddiqui testified that he paid Plaintiff based on the hours that Plaintiff submitted, and 4) text messages between Plaintiff and Defendant Siddiqui that show that Plaintiff was paid on an hourly basis.

Defendant Siddiqui's self-serving and conclusory testimony that Plaintiff was paid a "salary" is insufficient to create a genuine dispute of material of fact. Indeed, while Defendant Siddiqui now labels Plaintiff's compensation a "salary," he agrees that when Plaintiff worked less than 40 hours in a week, he was paid less than his so-called "salary" amount (i.e., the amount Plaintiff was paid when he worked 40 hours in a week) and that this amount was determined by the actual number of hours Plaintiff worked during that week. In short, as a matter of fact and law rather than nomenclature, Defendant Siddiqui agrees that Plaintiff was paid on an hourly basis.

## II. Defendants Are Liable for Liquidated Damages

Plaintiff is also entitled to summary judgment ordering liquidated damages on his overtime claims. Under the FLSA, an employer will be liable for liquidated damages equal to the amount of unpaid wages unless it had a good faith belief that it was complying with the law. 29 U.S.C. §§ 216(b), 260. "'Good faith' in this context requires more than ignorance of the prevailing law or uncertainty about its development. It requires that an employer first take active steps to ascertain the dictates of the FLSA and then move to comply with them." *Reich v. S. New England Telecomms. Corp.*, 121 F.3d 58, 71 (2d Cir. 1997). "The employer bears the burden of proving good faith and reasonableness, [and] the burden is a difficult one, with double damages being the norm and single damages the exception." *Inclan v. N.Y. Hospitality Group, Inc.*, 95 F. Supp. 3d 490, 505 (S.D.N.Y. 2015). Defendant Siddiqui admitted that he did not take any steps to determine whether Plaintiff's compensation complied with the FLSA.[2] Thus, Defendants will be unable to avoid liability for liquidate damages under the FLSA.

## III. Defendant Marhaba Did Not Provide Plaintiff with a Wage Notice or Legally Sufficient Wage Statements

Plaintiff is entitled to summary judgment on his NYLL § 195(1) and (3) claims. NYLL § 195(1) and (3) require employers to provide wage notices and wage statements that contains specific enumerated information. It is undisputed that Defendant Marhaba never provided Plaintiff with a written wage notice, in violation of NYLL § 195(1). Further, it is undisputed that for the hours Plaintiff worked over 40 during a week, Defendant Marhaba paid Plaintiff via a separate check, and those hours and pay were not reflected on his weekly wage statements. Defendant Marhaba thus violated NYLL § 195(3) by failing to provide Plaintiff with wage statements that accurately reflected

---

[2] While Plaintiff's proposed 56.1 statement omits these undisputed facts, Plaintiff requests leave to amend his final 56.1 statement to include such facts when he submits his motion papers.

2

the amount of pay that Plaintiff received, his actual hours worked, or his actual pay rates. *See Galvez v. 800 Ginza Sushi, Inc.*, No. 19 CV8549, 2022 U.S. Dist. LEXIS 43523, at *45-49 (S.D.N.Y. Mar. 11, 2022) (granting summary judgment for plaintiffs on NYLL § 195(1), (3) claims).

### IV.  Defendants Siddiqui and Bibi were Plaintiff's Employer Under the FLSA

The undisputed facts establish that Defendants Siddiqui and Bibi were Plaintiff's employer under the FLSA, and Plaintiff is entitled to summary judgment as to their individual liability. To determine whether an individual is an employer who can be held liable under the FLSA, courts consider, *inter alia*, whether they "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013). Courts also consider whether the alleged employer has operational control over employers. "A person exercises operational control over employees if his or her role within the company, and the decisions it entails, directly affect the nature or conditions of the employees' employment." Id. at 110. Under this standard, both Defendant Siddiqui and Bibi were Plaintiff's employer as there is no dispute that they owned Marhaba Pharmacy, and had the authority to hire, fire, and supervise Plaintiff and set his rate of pay and work schedule.

### V.  Defendants' Counterclaims Should Be Dismissed Because There is No Dispute of Fact that Plaintiff Did Not Breach Any Duty He Owed to Defendant Marhaba

Plaintiff will move for summary judgment dismissing Defendant Marhaba's counter claims for 1) breach of duty of care, 2) breach of fiduciary duty, 3) breach of duty of loyalty, and 4) faithless servant because there is no dispute that Plaintiff did not breach any duty he owed to Defendant Marhaba.[3] Dkt. 52 at ¶¶ 31-57. "Courts in this circuit have generally found that minor misconduct does not constitute the type of persistent pattern of disloyalty that courts have found necessary to bring conduct within the confines of the faithless servant doctrine." *Stefanovic v. Old Heidelberg Corp.*, No. 18-CV-2093, 2022 U.S. Dist. LEXIS 157711, at *21 (S.D.N.Y. Aug. 31, 2022). "The duty of loyalty has been limited to cases where the employee, acting as the agent of the employer, unfairly competes with his employer, diverts business opportunities to himself or others to the financial determinate of the employer, or accepts improper kickbacks." *Grewal v. Cueno*, No. 13-CV-6836, 2016 U.S. Dist. LEXIS 8346, at * 21 (S.D.N.Y. Ja. 25, 2016). While Plaintiff disputes Defendants' factual assertions regarding the quality of his work and workplace behavior, Defendants fail to create a dispute of *material* fact because Defendants admit they were aware of the alleged malfeasance for years and did not fire Plaintiff, and the malfeasance itself does not rise to the level required to succeed on Defendants' counter claims. *See Grewal*, 2016 U.S. Dist. LEXIS 8346, at * 21. That is, the allegations that Plaintiff promoted his own business during work, attended to personal phone calls and emails during work, failed complete job duties in a timely manner, and sexually harassed his subordinates are simply not actionable under Defendants' counter claims. *See e.g., Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 470 (S.D.N.Y. 2008).

Plaintiff intends to move for summary judgment on the basis described above. We thank the Court for its consideration of this matter.

---

[3] Because many of the elements of these state causes of action overlap, for purposes of this letter, Plaintiff addresses the claims collectively. *See Stefanovic v. Old Heidelberg Corp.*, No. 18-CV-2093, 2022 U.S. Dist. LEXIS 157711, at *21-22 (S.D.N.Y. Aug. 31, 2022).

Respectfully Submitted,

/s/ Michael DiGiulio
Michael DiGiulio
32 Broadway, Suite 601
New York, NY 10004
Tel: 212-688-5640
Fax: 212-688-2548

*Attorney for Plaintiff*