UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UWAIS SYED,

            **Plaintiff**,

v.

S&P PHARMACY CORP., SHAZIA PHARMACY INC., NATHAN'S PHARMACY, SAUL'S PHARMACY AND SURGICAL SUPPLIES, APNI PHARMACY CORP., WATTO CORPORATION, MEDICINE SHOPPE PHARMACY, PERVEZ SIDDIQUI, SHAZIA BIBI, and SHAHBAZ WATTO,

            **Defendants**.

21-cv-6000-AMD-PK

---

## PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS PURSUANT TO LOCAL CIVIL RULE 56.1[1]

Pursuant to Rule 56.1 of the Local Rules of this Court, Plaintiff Uwais Syed ("Mr. Syed" or "Plaintiff") submits the following undisputed facts in support of his motion for partial summary judgment.[2]

### Background

1.    Defendant S&P Pharmacy Corp. ("Marhaba Pharmacy") owns and operates a pharmacy, known as Marhaba Pharmacy, located at 2029 Bath Avenue, Brooklyn, New York 11214. (DiGiulio Ex. 1, Tr. Siddiqui at 10:14-22, 16:17-20).

---

[1] The facts herein are deemed undisputed only for purpose of Plaintiff's accompanying Motion for Summary Judgment. Plaintiff reserves the right to dispute these assertions of fact should this action proceed to trial.

[2] In support of his Local Rule 56.1 Statement, Plaintiff cites to: the [DATE], 2024 Declaration of Michael DiGiulio in Support of Plaintiffs' Motion for Partial Summary Judgment ("DiGiulio Decl.") and exhibits annexed thereto which are cited herein as "DiGiulio Ex. __". The name of the exhibits and any corresponding bates numbers are provided with the citations herein.

2. Marhaba Pharmacy's gross annual sales during the time period of 2018-2021 exceeded $500,000. (Verified Answer by S&P Corporation with Counterclaims at ¶ 13, Dkt. No. 52).

3. Plaintiff Uwais Syed ("Plaintiff") worked at Marhaba Pharmacy as the supervising pharmacist from August 2018-June 2021. (DiGiulio Ex. 1, Siddiqui Tr. at 26:22-27:9; 44:9-11).

4. At all times during Plaintiff's employment at Marhaba Pharmacy, Marhaba Pharmacy employed at least 2 individuals. (DiGiulio Ex. 7, Marhaba Pharmacy Employee List (Bates Nos. Corporate Defendants 000241).

5. Marhaba Pharmacy sells pharmaceuticals and other products, many of which are produced throughout the United States. (DiGiulio Ex. 1, Siddiqui Tr. at 97:24-98:3).

## Plaintiff's Employment

6. Plaintiff's job duties as the supervising pharmacist at Marhaba Pharmacy included filling and processing prescriptions, overseeing the purchasing and protection of the inventory in the pharmacy, and overseeing the pharmacy technicians. (DiGiulio Ex. 1, Siddiqui Tr. at 32:5-23).

## Plaintiff's Compensation

7. Marhaba Pharmacy never provided Plaintiff with a written notice of Plaintiff's pay rate. (DiGiulio Ex. 1, Siddiqui Tr. at 31:10-32:4).

8. During Plaintiff's employment, Marhaba Pharmacy paid Plaintiff every other week. (DiGiulio Ex. 1, Siddiqui Tr. at 57:14-16; Ex. 4, Plaintiff's Produced Wage Statements, (Bates Nos. Syed 0001-0007); Ex. 5, Payroll Records (Bates Nos. Defendants' 000091-00097); Ex. 6, Defendants' Produced Wage Statements, (Bates Nos. Corporate Defendants 000001-000031, Defendants' 0000243)).

9. In August 2018, Defendant Siddiqui stated that Marhaba Pharmacy would pay Plaintiff a set rate of compensation for 80 hours of work during each two-week pay period. (DiGiulio Ex. 1, Siddiqui Tr. 31:4-21; Ex. 4, Plaintiff's Produced Wage Statements, (Bates Nos. Syed 0001-0007); Ex. 5, Payroll Records (Bates Nos. Defendants' 000091-00097)).

10. From August 2018 to April 2020, Marhaba Pharmacy paid Plaintiff $58 per hour for every regular hour that he worked. (DiGiulio Ex. 4, Plaintiff's Produced Wage Statements, (Bates Nos. Syed 0001-0007); Ex. 5, Payroll Records (Bates Nos. Defendants' 000091-00097); Ex. 6, Defendants' Produced Wage Statements, (Bates Nos. Corporate Defendants 000001-000031, Defendants' 0000243)).

11. From August 2018 to April 2020, this amounted to $4,640 for 80 hours of work, every two weeks. (DiGiulio Ex. 4, Plaintiff's Produced Wage Statements, (Bates Nos. Syed 0001-0007); Ex. 5, Payroll Records (Bates Nos. Defendants' 000091-00097); Ex. 6, Defendants' Produced Wage Statements, (Bates Nos. Corporate Defendants 000001-000031, Defendants' 0000243)).

12. From April 2020 to June 2021, Marhaba Pharmacy paid Plaintiff $60 per hour for every regular hour that he worked. (DiGiulio Ex. 4, Plaintiff's Produced Wage Statements, (Bates Nos. Syed 0001-0007); Ex. 5, Payroll Records (Bates Nos. Defendants' 000091-00097); Ex. 6, Defendants' Produced Wage Statements, (Bates Nos. Corporate Defendants 000001-000031, Defendants' 0000243); Ex. 10, Defendant's Produced Text Messages (Bates Nos. Defendants 000441)).

13. From April 2020 to June 2021, this amounted to $4,800 for 80 hours of work, every two weeks. (DiGiulio Ex. 4, Plaintiff's Produced Wage Statements, (Bates Nos. Syed 0001-0007);

3

Ex. 5, Payroll Records (Bates Nos. Defendants' 000091-00097); Ex. 6, Defendants' Produced Wage Statements, (Bates Nos. Corporate Defendants 000001-000031, Defendants' 0000243)).

14. Plaintiff regularly worked over 40 hours in a week and over 80 hours in a two-week period. (DiGiulio Ex. 1. Siddiqui Tr. 60:22-62:22; 72:13-74:9; Ex. 3 Syed Tr. at 96:17-98:7; Ex. 4, Plaintiff's Produced Wage Statements, (Bates Nos. Syed 0001-0007); Ex. 5, Payroll Records (Bates Nos. Defendants' 000091-000097); Ex. 6, Defendants' Produced Wage Statements, (Bates Nos. Corporate Defendants 000001-000031, Defendants' 0000243); Ex. 8, Uwais Cash Checks (Bates Nos. Defendants 000098-000099); Ex. 9, Extra Checks (Bates Nos. Defendants 000100-000151); Ex. 10, Defendant's Produced Text Messages (Bates Nos. Defendants 000428, 000441, 000448-000449, 000492-494); Ex. 11, Plaintiff's Produced Text Messages (Bates Nos. Syed 00503, 00506, 00514-00515, 00517-00520, 00523-00526, 00531-00532, 00535, 00580-00581, 00590, 00599)).

15. When Plaintiff worked over 40 hours in a week, Marhaba Pharmacy paid him additional compensation on an hourly basis. (DiGiulio Ex. 1 Siddiqui Tr. at 60:22-62:22; Ex. 3 Syed Tr. at 96:17-25; Ex. 8, Uwais Cash Checks (Bates Nos. Defendants 000098-000099); Ex. 9, Extra Checks (Bates Nos. Defendants 000100-000151)).

16. From August 2018 to April 2020, Marhaba paid Plaintiff $42 per hour for all hours he worked over 40 during a work week.[3] (DiGiulio Ex. 1, Siddiqui Tr. at 71:4-76:16; Ex. 8, Uwais Cash Checks (Bates Nos. Defendants 000098-000099); Ex. 9, Extra Checks (Bates Nos. Defendants 000100-000151) Ex. 10, Defendant's Produced Text Messages (Bates Nos. Defendants 000428, 000448, 000492-494); Ex. 11, Plaintiff's Produced Text Messages (Bates

---

[3] Plaintiff explicitly deems the amount that Marhaba Pharmacy paid him for hours worked over 40 in a week undisputed for the purposes of this motion only. Should this case proceed to trial, Plaintiff specifically reserves the right to assert that the amount that Marhaba Pharmacy paid him for hours worked over 40 in a week was less than the amount deemed undisputed herein.

Nos. Syed 00503, 00506, 00514-00515, 00517-00520, 00523-00526, 00531-00532, 00535, 00580-00581, 00590, 00599).

17. From April 2020 to June 2021, Marhaba Pharmacy paid Plaintiff $45 per hour for all hours he worked over 40 during a work week. (DiGiulio Ex. 1, Siddiqui Tr. at 71:4-76:16; Ex. 8, Uwais Cash Checks (Bates Nos. Defendants 000098-000099); Ex. 9, Extra Checks (Bates Nos. Defendants 000100-000151); Ex. 10, Defendant's Produced Text Messages (Bates Nos. Defendants 000428, 000448-000449, 000492-494); Ex. 11, Plaintiff's Produced Text Messages (Bates Nos. Syed 00503, 00506, 00514-00515, 00517-00520, 00523-00526, 00531-00532, 00535, 00580-00581, 00590, 00599)).

18. Marhaba Pharmacy issued Plaintiff a wage statement at the same time it issued Plaintiff's bi-weekly paycheck. (DiGiulio Ex. 1, Siddiqui Tr. at 57:14-16; Ex. 4, Plaintiff's Produced Wage Statements, (Bates Nos. Syed 0001-0007); Ex. 5, Payroll Records (Bates Nos. Defendants' 000091-00097); Ex. 6, Defendants' Produced Wage Statements, (Bates Nos. Corporate Defendants 000001-000031, Defendants' 0000243)).

19. The wages statements Marhaba Pharmacy issued to Plaintiff stated that Marhaba Pharmacy paid Plaintiff based on an hourly rate of pay. (DiGiulio Ex. 4, Plaintiff's Produced Wage Statements, (Bates Nos. Syed 0001-0007); Ex. 6, Defendants' Produced Wage Statements, (Bates Nos. Corporate Defendants 000001-000006)).

20. Marhaba Pharmacy did not maintain a clock in or clock out system to track Plaintiff's work hours. (DiGiulio Ex. 1, Siddiqui Tr. at 46:18-20).

21. Marhaba Pharmacy did not actively keep track of, or record, Plaintiff's work hours. (DiGiulio Ex. 1, Siddiqui Tr. at 48:3-5).

22. Marhaba Pharmacy did not keep any records reflecting that amount of time that Plaintiff worked for Marhaba Pharmacy. (DiGiulio Ex. 1, Siddiqui Tr. at Siddiqui Tr. at 48:3-5).

23. Instead, Defendant Siddiqui told Plaintiff to track his own work hours. (DiGiulio Ex. 1, Siddiqui Tr. at 43:20-23)

24. Plaintiff then submitted the hours that he worked during a pay period to Marhaba Pharmacy. Specifically, Plaintiff submitted his hours to Defendant Siddiqui, Defendant Watto, or an employee named Usman, who reported the hours to Defendant Siddiqui. (DiGiulio Ex. 1, Siddiqui Tr. at 50:8-53:23; Ex. 10, Defendant's Produced Text Messages (Bates Nos. Defendants 000428, 000448-000449, 000492-494); Ex. 11, Plaintiff's Produced Text Messages (Bates Nos. Syed 00503, 00506, 00514-00515, 00517-00520, 00523-00526, 00531-00532, 00535, 00580-00581, 00590, 00599)).

25. Marhaba Pharmacy paid Plaintiff based on the number of hours that Plaintiff reported that he worked during a pay period. (DiGiulio Ex. 1, Siddiqui Tr. at 53:2-23; Ex. 4, Plaintiff's Produced Wage Statements, (Bates Nos. Syed 0001-0007); Ex. 5, Payroll Records (Bates Nos. Defendants' 000091-00097); Ex. 6, Defendants' Produced Wage Statements, (Bates Nos. Corporate Defendants 000001-000031, Defendants' 0000243); Ex. 10, Defendant's Produced Text Messages (Bates Nos. Defendants 000428, 000448-000449, 000492-494); Ex. 11, Plaintiff's Produced Text Messages (Bates Nos. Syed 00503, 00506, 00514-00515, 000517-000520, 000523-000526, 000531-000532, 000535)).

26. Marhaba Pharmacy never issued Plaintiff a wage statement that reflected that Plaintiff had worked over 40 hours in any given week. (DiGiulio Ex. 4, Plaintiff's Produced Wage Statements, (Bates Nos. Syed 0001-0007); Ex. 5, Payroll Records (Bates Nos. Defendants'

6

000091-00097); Ex. 6, Defendants' Produced Wage Statements, (Bates Nos. Corporate Defendants 000001-000031, Defendants' 0000243)).

27. Plaintiff routinely worked over 40 hours a week at Marhaba Pharmacy. (DiGiulio Ex. 1, Siddiqui Tr. at 60:22-62:22, 71:4-76:16; Ex. 10, Defendant's Produced Text Messages (Bates Nos. Defendants 000428, 000448, 000492-495); Ex. 11, Plaintiff's Produced Text Messages (Bates Nos. Syed 00503, 00506, 00514-00515, 00517-00520, 00523-00526, 00531-00532, 00535, 00580-00581, 00590, 00599)).

28. During weeks that Plaintiff worked over 40 hours in a week, the wage statements Marhaba Pharmacy provided to Plaintiff did not accurately state the number of hours that Plaintiff worked. (DiGiulio Ex. 1, Siddiqui Tr. at 61:3-14; Ex. 4, Plaintiff's Produced Wage Statements, (Bates Nos. Syed 0001-0007); Ex. 5, Payroll Records (Bates Nos. Defendants' 000091-00097); Ex. 6, Defendants' Produced Wage Statements, (Bates Nos. Corporate Defendants 000001-000031, Defendants' 0000243)).

29. Marhaba Pharmacy did not provide Plaintiff with a wage statement reflecting the payment Plaintiff received for all hours that Plaintiff worked that were over 40 hours in a week. (DiGiulio Ex. 1, Siddiqui Tr. at 61:3-14; Ex. 4, Plaintiff's Produced Wage Statements, (Bates Nos. Syed 0001-0007); Ex. 5, Payroll Records (Bates Nos. Defendants' 000091-00097); Ex. 6, Defendants' Produced Wage Statements, (Bates Nos. Corporate Defendants 000001-000031, Defendants' 0000243); Ex. 8, Uwais Cash Checks (Bates Nos. Defendants 000098-000099); Ex. 9, Extra Checks (Bates Nos. Defendants 000100-000151); Ex. 10, Defendant's Produced Text Messages (Bates Nos. Defendants 000428, 000448, 000492-494).

30. Whenever Plaintiff worked less than 80 hours during a two week pay period, Marhaba Pharmacy paid Plaintiff in an amount based on the number of hours that Plaintiff worked

7

and on Plaintiff's hourly rate of pay. (DiGiulio Ex. 3, Syed Tr. at 93:14-16, 120:16-121:3; Ex. 4, Plaintiff's Produced Wage Statements, (Bates Nos. Syed 0001-0007); Ex. 5, Payroll Records (Bates Nos. Defendants' 000091-000097); Ex. 6, Defendants' Produced Wage Statements, (Bates Nos. Corporate Defendants 000001-000031, Defendants' 0000243); Ex. 10, Defendant's Produced Text Messages (Bates Nos. Defendants 000428, 000448-000449, 000492-494); Ex. 11, Plaintiff's Produced Text Messages (Bates Nos. Syed 00503, 00506, 00514-00515, 000517-000520, 000523-000526, 000531-000532, 000535));

31. For example, for the pay period with the pay date of October 31, 2019, Plaintiff reported to Marhaba Pharmacy that he worked 72 hours and Marhaba Pharmacy paid him $4,176, which reflects a payment of $58 per hour for 72 hours. (DiGiulio Ex. 5, Payroll Records (Bates No. Defendants' 000095); Ex. 11, Plaintiff's Produced Text Messages (Bates No. Syed 000532)).

32. For another example, during Plaintiff's last pay period (paid on July 6, 2021), Plaintiff reported to Marhaba Pharmacy that he worked "45 hours plus time noted on daily time sheets" and Defendant Siddiqui responded that Marhaba Pharmacy would pay Plaintiff for 46.68 hours. Marhaba Pharmacy paid Plaintiff $2,800.80, which reflects a payment of $60 per hour for 46.68 hours. (DiGiulio Ex. 5 Payroll Records, (Bates No. Defendants' 000094); Ex. 6 Defendants' Produced Wager Statements (Bates No. Corporate Defendants' 000002); Ex. 10, Defendant's Produced Text Messages (Bates Nos. Defendants 000493-000494)).

33. For Plaintiff's last paycheck, Defendant Siddiqui explicitly asked Plaintiff to report the hours that he worked and told Plaintiff he would pay Plaintiff "for all your hours worked." (DiGiulio Ex. 10, Defendant's Produced Text Messages (Bates Nos. Defendants 000493-000494)).

34. During his employment, in April 2020, Plaintiff requested that Defendant Siddiqui pay him all of his hours (i.e., overtime hours and regular hours) at the $60 per hour rate he was

earning. (DiGiulio Ex. 10, Defendant's Produced Text Messages (Bates Nos. Defendants 000441)).

35. At all times during Plaintiff's employment, Marhaba Pharmacy paid Plaintiff via an hourly rate. (DiGiulio Ex. 1. Siddiqui Tr. 60:22-62:22; 72:13-74:9; Ex. 4, Plaintiff's Produced Wage Statements, (Bates Nos. Syed 0001-0007); Ex. 5, Payroll Records (Bates Nos. Defendants' 000091-00097); Ex. 6, Defendants' Produced Wage Statements, (Bates Nos. Corporate Defendants 000001-000031, Defendants' 0000243); Ex. 8, Uwais Cash Checks (Bates Nos. Defendants 000098-000099); Ex. 9, Extra Checks (Bates Nos. Defendants 000100-000151); Ex. 10, Defendant's Produced Text Messages (Bates Nos. Defendants 000428, 000448, 000492-494); Ex. 11, Plaintiff's Produced Text Messages (Bates Nos. Syed 00503, 00506, 00514-00515, 00517-00520, 00523-00526, 00531-00532, 00535, 00580-00581, 00590, 00599)).

### Individual Defendants' Employer Status

#### Defendant Pervez Siddiqui

36. From August 2018 through December 30, 2020, Defendant Pervez Siddiqui owned 50% of S&P Pharmacy Corp. (DiGiulio Ex. 1, Siddiqui Tr. at 11:20-12:3) (Verified Answer by S&P Corporation with Counterclaims at ¶ 14, Dkt. No. 52).

37. From December 30, 2020, through the end of Plaintiff's employment in June 2021, Defendant Pervez Siddiqui worked as a consultant for S&P Pharmacy Corp., managing the operations of the pharmacy. (DiGiulio Ex. 1, Siddiqui Tr. at 12:24-13:3).

38. From August 2018 through December 30, 2020, Defendant Pervez Siddiqui was the President of S&P Pharmacy Corp. (DiGiulio Ex. 1, Siddiqui Tr. at 13:4-13; 14:17-21; 16:24-17:5).

39. During Plaintiff's employment, Defendant Pervez Siddiqui oversaw the operations and employees at S&P Pharmacy Corp. (DiGiulio Ex. 1, Siddiqui Tr. at 11:16-19; 13:4-13; 44:9-18).

40. During Plaintiff's employment, Defendant Pervez Siddiqui had, and exercised, the authority to hire employees at Marhaba Pharmacy. (DiGiulio Ex. 1, Siddiqui Tr. at 17:6-9, 26:22-27:12; 42:15-19).

41. Defendant Pervez Siddiqui hired Plaintiff. (DiGiulio Ex. 1, Siddiqui Tr. at 26:22-27:12).

42. During Plaintiff's employment, Defendant Pervez Siddiqui had, and exercised, the authority to fire employees at Marhaba Pharmacy. (DiGiulio Ex. 1, Siddiqui Tr. at 17:6-9; 44:9-18).

43. Defendant Pervez Siddiqui fired Plaintiff. (DiGiulio Ex. 1, Siddiqui Tr. at 44:9-11).

44. During Plaintiff's employment, Defendant Pervez Siddiqui had, and exercised, the authority to discipline employees at Marhaba Pharmacy. (DiGiulio Ex. 1, Siddiqui Tr. at 17:17-19).

45. During Plaintiff's employment, Defendant Pervez Siddiqui had, and exercised, control over the conditions of employment for employees at Marhaba Pharmacy. (DiGiulio Ex. 1, Siddiqui Tr. at 15:11-21 20:7-24).

46. During Plaintiff's employment Defendant Pervez Siddiqui had, and exercised, control over the work schedules for employees at Marhaba Pharmacy. (DiGiulio Ex. 1, Siddiqui Tr. at 17:10-13).

47. Defendant Pervez Siddiqui had, and exercised, control over the rate of pay for employees of Marhaba Pharmacy. (DiGiulio Ex. 1, Siddiqui Tr. at 17:14-16; 53:2-23).

48. Defendant Pervez Siddiqui set Plaintiff's rate of pay. (DiGiulio Ex. 1, Siddiqui Tr. at 31:4-21).

49. During Plaintiff's employment, Defendant Pervez Siddiqui had authority and did issue payments to employees at Marhaba, including Plaintiff. (DiGiulio Ex. 1, Siddiqui Tr. at 17:20-23).

50. During Plaintiff's employment, Defendant Pervez Siddiqui was the ultimate decision maker at Marhaba Pharmacy. (DiGiulio Ex. 1, Siddiqui Tr. at 14:20-17:23; DiGiulio Ex. 2, Bibi Tr. at 37:19-38:5).

51. During Plaintiff's employment, Plaintiff directly reported to Defendant Pervez Siddiqui. (DiGiulio Ex. 2, Bibi Tr. at 37:19-38:5).

<u>Defendant Shazia Bibi</u>

52. From September 2018 through December 30, 2020, Defendant Shazia Bibi owned 50% of S&P Pharmacy Corp. (DiGiulio Ex. 1, Siddiqui Tr. at 11:20-12:3; Ex. 2, Bibi Tr. at 15:10-16:21) (Verified Answer by S&P Corporation with Counterclaims at ¶ 15, Dkt. No. 52).

53. From January 2021 through the end of Plaintiff's employment in June 2021, Defendant Shazia Bibi owned 100% of S&P Pharmacy Corp. (DiGiulio Ex. 1, Siddiqui Tr. at 11:16-19; Ex. 2, Bibi Tr. at 15:10-16:21) (Verified Answer by S&P Corporation with Counterclaims at ¶ 15, Dkt. No. 52).

54. During Plaintiff's employment, Defendant Shazia Bibi had the authority to hire employees at Marhaba Pharmacy. (DiGiulio Ex. 2, Bibi Tr. at 44:14-16).

55. During Plaintiff's employment, Defendant Shazia Bibi had the authority to fire employees at Marhaba Pharmacy. (DiGiulio Ex. 2, Bibi Tr. at 44:22-24).

56. During Plaintiff's employment, Defendant Shazia Bibi had the authority to discipline employees at Marhaba Pharmacy. (DiGiulio Ex. 2, Bibi Tr. at 45:10-12).

57. During Plaintiff's employment, Defendant Shazia Bibi had the authority to set the employee's work schedule at Marhaba Pharmacy. (DiGiulio Ex. 2, Bibi Tr. at 44:25-45:3).

58. During Plaintiff's employment, Defendant Shazia Bibi had the authority to set an employee's rate of pay at Marhaba Pharmacy. (DiGiulio Ex. 2, Bibi Tr. at 45:4-6).

59. During Plaintiff's employment, Defendant Shazia Bibi had authority and control over the conditions of employment for employees at Marhaba Pharmacy, including Plaintiff. (DiGiulio Ex. 2, Bibi Tr. at 45:7-9).

## Defendants' Counter Claims

60. During Plaintiff's employment, Defendant Siddiqui believed that Plaintiff often arrived late to work. (DiGiulio Ex. 1, Siddiqui Tr. at 46:19-47:7)

61. Defendant Siddiqui spoke with Plaintiff about being late for work. (DiGiulio Ex. 1, Siddiqui Tr. at 47:8-19).

62. Marhaba Pharmacy never reduced Plaintiff's pay based on Defendant Siddiqui belief that Plaintiff was late for work. (DiGiulio Ex. 1, Siddiqui Tr. at 47:8-19; 72:2-73:17).

63. Instead, Defendant Siddiqui continued to pay Plaintiff based on the number of hours that Plaintiff reported that he worked during a pay period. (DiGiulio Ex. 1, Siddiqui Tr. at 53:2-23, 72:2-73:17).

64. During Plaintiff's employment, Defendant Siddiqui believed that Plaintiff conducted his own personal business by taking phone calls and responding to personal emails while Plaintiff was working at Marhaba Pharmacy. (DiGiulio Ex. 1, Siddiqui Tr. at 106:14-108:19).

65. Defendant Siddiqui spoke with Plaintiff about his belief that Plaintiff was conducting personal business during Plaintiff's work hours. (DiGiulio Ex. 1, Siddiqui Tr. at 106:14-108:19).

66. Marhaba Pharmacy never reduced Plaintiff's pay based on Defendant Siddiqui belief that Plaintiff was conducting personal business at work. (DiGiulio Ex. 1, Siddiqui Tr. at 108:24-109:2).

67. Defendant Siddiqui believed that Plaintiff was arriving late to work and conducting his own business during working hours when Defendant Siddiqui decided to give Plaintiff a raise in compensation. (DiGiulio Ex. 1, Siddiqui Tr. at 110:19-111:21).

68. Defendant Siddiqui believed he could have fired Plaintiff for being late and for conducting Plaintiff's own business during working hours but did not do so. (DiGiulio Ex. 1, Siddiqui Tr. at 114:21-115:14).

69. During Plaintiff's employment, Plaintiff owned and operated a small medical lab, that sold over the counter medications to pharmacies and other distributors. (DiGiulio Ex. 3, Syed Tr. at 45:12-55:8).

70. Plaintiff's personal business is not a competitor of Marhaba Pharmacy. Marhaba Pharmacy was a customer of Plaintiff's business and bought Plaintiff's cough syrup product to sell on its shelves. (DiGiulio Ex. 3, Syed Tr. at 54:13-55:8).

Dated: New York, New York
       March 6, 2024

**JOSEPH & KIRSCHENBAUM LLP**

/s/ *Michael DiGiulio*
Michael DiGiulio
32 Broadway, Suite 601

13

New York, NY 10004
(212) 688-5640;

*Attorneys for Plaintiff*