JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas C. Buzzard
Leah Seliger
Michael DiGiulio

32 Broadway, Suite 601 D.
New York, NY 10004
Phone (212) 688-5640
Fax (212) 688-2548
www.jk-llp.com

April 19, 2024

**VIA ECF**

Honorable Ann Donnelly
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

     Re: *Syed v. S&P Pharmacy Corp., et al.* – Case No. 1:21-cv-06000 – Plaintiff's Letter in Response to Defendants' Request for a Pre-Motion Conference

Dear Judge Donnelly:

  We represent Plaintiff Uwais Syed in the above-referenced action, and write pursuant to your Honor's Individual Rules 4(B), as well as the Court's April 12, 2024 Minute Order, to respond to Defendant's letter requesting a pre-motion conference for Defendants' anticipated motion for Partial Summary Judgment on Plaintiff's overtime and wage notice and statement claims. Dkt. No. 61. As the Court is aware, on April 12, Plaintiff filed his own pre-motion letter and intends to cross-move for summary judgment on both of these claims. *See* Dkt. No. 62. As such, for the reasons set forth in Plaintiff's pre-motion letter for his anticipated motion for summary judgment, the Court should deny Defendants' motion and grant Plaintiff's. *See* Dkt. No. 62. Plaintiff addresses specific points raised in Defendants' letter below.

  **I.** **Plaintiff is Not An Exempt Employee Because Defendants Did Not Pay Plaintiff Pursuant to a Salary**

  Defendants admit that Plaintiff regularly worked over 40 hours per week, and that Plaintiff was not paid one and a half times his regular hourly rate of pay for hours worked over 40 in a week. Defendant's entire motion (and case) relies upon the affirmative defense that Plaintiff was an exempt employee and therefore he was not entitled to the overtime premium of one and a half times his regular hourly rate of pay. Overtime exemptions are an affirmative defense on which Defendants bear the burden of proof. *See Young v. Cooper Cameron Corp.*, 586 F.3d 201, 204 (2d Cir. 2009). Both exemptions that Defendants invoke apply only to employees who are compensated on a salary basis. *See Liu v. NY Neuromodulation med., P.L.L.C.*, Case No. 20-cv-5000, 2021 U.S. Dist. LEXIS 146044 at *3 (S.D.N.Y. Aug. 4, 2021) (learned professional exemption); *Anani v. CVS RX Servs.*, Case No. 9-cv-5535, 2011 U.S. Dist. LEXIS 57625 at *11-13 (E.D.N.Y. May 23, 2011) (highly paid employee exemption). Under the FLSA, "[a]n employee will be considered to be paid on a 'salary basis'…if the employee regularly receives each pay period on a weekly or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, *which amount is not subject to reduction because of variations in the quality or quantity of the work performed*." 29 C.F.R. § 541.602 (emphasis added).

The central factual issue in this case is whether Plaintiff was paid via salary or via an hourly wage. While Plaintiff contends that the record is undisputed that he was paid an hourly wage (not a salary) for all hours that he worked (*see* Dkt. No. 62) for purposes of opposing Defendant's motion, Plaintiff's burden is much lower and requires him only to show that there is a material dispute of fact as to whether Plaintiff was paid an hourly wage. *See e.g., Doninger v. Niehoff,* 642 F.3d 334, 344 (2d Cir. 2011) ("Summary judgment is proper *only when*, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'") (quoting Fed. R. Civ. P. 56(a) (emphasis added)).

Plaintiff easily meets this burden. Plaintiff repeatedly testified that he was paid an hourly wage. Moreover, as explained in Plaintiff's April 12 letter, there is substantial undisputed evidence in the record evincing that Plaintiff was paid an hourly wage (i.e., that when Plaintiff worked less than 40 hours in a week, he was paid based on the number of hours that he worked. *See* 29 C.F.R. § 541.602 ("An employee will be considered to be paid on a 'salary basis'…if the employee regularly receives each pay period on a weekly or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, *which amount is not subject to reduction because of variations in the quality or quantity of the work performed.*") (emphasis added). This evidence includes: 1) Plaintiff's wage statements and other payroll records state that he was paid on an hourly basis, 2) Plaintiff submitted his weekly work hours to Defendant Marhaba, and was paid based on those submissions, 3) Defendant Siddiqui testified that he paid Plaintiff based on the hours that Plaintiff submitted, and 4) text messages between Plaintiff and Defendant Siddiqui that show that Plaintiff was paid on an hourly basis. Defendants' insistence that Plaintiff was paid a "salary" does not alter the pay records or testimony that undisputedly reveal, regardless of the nomenclature used, that Plaintiff was paid on an hourly basis. At the bare minimum, this creates a dispute of material fact as to the central issue underlying Plaintiff's FLSA overtime claims and the Court should deny Defendants' motion for summary judgment.

## II. Plaintiff Has Standing to Assert NYLL Wage Notice and Wage Statement Claims

Defendants cannot, and do not, dispute that they violated the NYLL by failing to provide Plaintiff a written wage notice or wage statements that contain all of his hours worked or the correct rates that they paid him. To be clear, it is undisputed that Defendants violated the NYLL. However, Defendants intend to move to dismiss Plaintiff's NYLL claims on the ground that Plaintiff lacks standing to assert them – specifically that the violations were "technical," and Plaintiff was not harmed. However, Defendants are incorrect, as Plaintiff was harmed by Defendants' failure to comply with the NYLL.[1]

The elements of Article III standing are "(1) an injury in fact, (2) a causal connection between that injury and the conduct at issue, and (3) a likelihood that the injury will be redressed by a favorable decision." *Maddox v. Bank of N.Y. Mellon Trust Co., N.A.*, 19 F.4th 58, 62 (2d Cir. 2021) (internal quotation marks omitted). An injury in fact exists where there is "the invasion of a [1] legally

---

[1] Prior to receiving Defendants' April 12, 2024, pre-motion letter (Dkt. No. 61), Plaintiff was unaware of Defendants' intention to move for summary judgment on Plaintiff's NYLL § 195 claims on standing grounds, as the parties did not engage in discovery explicitly related to this issue. As such, Plaintiff did not include in his 56.1 statement the undisputed material facts related to Plaintiff's standing for these claims, nor did he include them in the "additional material facts" section in his response to Defendants' 56.1 statement. Therefore, Plaintiff requests that he be allowed to include additional facts related to standing in the respective 56.1 statements that will accompany his motion papers for both anticipated motions for summary judgment.

protected interest that is [2] concrete and [3] particularized and [4] actual or imminent, not conjectural or hypothetical." *Id*. at *9 (insertion in original; internal quotation marks omitted). Plaintiff has standing to pursue their N.Y. Lab. L. § 195 claims. Several courts in this Circuit have held that allegations of "downstream injuries" resulting from N.Y. Lab. L. § 195(1), (3) violations are not necessary to establish standing. *E.g.*, *Cuchimaque v. A. Ochoa Concrete Corp.*, No. 22 CV 6136, 2023 U.S. Dist. LEXIS 124589, at *14, 16-17 (E.D.N.Y. July 18, 2023); *Bueno v. Buzinover*, No. 22 Civ. 2216, 2023 U.S. Dist. LEXIS 38154, at *5 (S.D.N.Y. Mar. 7, 2023). Nevertheless, Defendants' violations of NYLL § 195 caused Plaintiff to suffer two types of "downstream" injury in fact: a monetary injury and an informational injury.

Plaintiff has suffered a cognizable monetary injury. FoPlaintiff claims that Defendants' NYLL § 195(3) violation – failure to provide accurate wage statements – caused Plaintiff's underpayment of wages. There is no question that the underpayment of wages is a monetary harm that gives rise to Article III standing. *See e.g., Mateer v. Peloton Interactive, Inc.*, No. 22 Civ. 740, 2022 U.S. Dist. LEXIS 125017, at *4 (S.D.N.Y. July 14, 2022); *see also*, *e.g.*, *Stih v. Rockaway Farmers Mkt., Inc.*, No. 22 CV 3228, 2023 U.S. Dist. LEXIS 58299, at *19-20 (E.D.N.Y. Apr. 3, 2023). Had Defendants issued Plaintiff wage statements that reflected all of the hours that Plaintiff worked, including overtime hours, Plaintiff would have been paid the overtime premium for hours over 40 in a week. In other words, if Defendants had followed the law and provided Plaintiff with paystubs that stated the correct hours that Plaintiff worked, Defendant would not have underpaid him. Courts in this Circuit have held that Plaintiffs have standing to assert NYLL wage statement violations that cause them to be underpaid. *See e.g., Mateer*, 2022 U.S. Dist. LEXIS 125017, at *4; *Lipstein v. 20X Hosp. LLC*, No. 22 CV 4812, 2023 U.S. Dist. LEXIS 167615, at *27 (S.D.N.Y. Sept. 19, 2023). As such, Plaintiff has suffered a cognizable monetary injury sufficient to allege standing for his NYLL § 195(3) claims.

Plaintiff has also suffered a cognizable informational injury. The Supreme Court and other Federal Courts have long held that the withholding of information required to be provided under the law can establish standing. *See e.g., Public Citizen v. U.S. Dep't of Justice*, 491 U.S. 440 (1989); *Harty v. West Point Realty, Inc.*, 28 F.4th 435, 444 (2d Cir. 2022); *Kelly v. Realpage Inc.*, 47 F.4th 202, 213 (3d Cir. 2022). Here, Defendants violated NYLL § 195(1) by failing to provide Plaintiff with a written wage notice that stated, among other things, "the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other." N.Y. Lab. L. § 195(1)(a). Defendants' violation deprived Plaintiff of a written statement stating what the parties agreed upon as the basis for Plaintiff's compensation – i.e., whether Plaintiff's compensation was based on a salary or an hourly rate. The basis of Plaintiff's pay is a material issue in this case and is central to Plaintiff's claims that he was underpaid. That is, Defendants' failure to comply with NYLL § 195(1) deprived Plaintiff of information he was statutorily entitled to receive in a specific format that is centrally material to his FLSA overtime claim and Plaintiff's ability to assert that he was underpaid is injured because of this deprivation. Courts have held that NYLL § 195 claims that deprive a Plaintiff with this type of wage information is a cognizable injury sufficient to confer standing. *Bueno*, 2023 U.S. Dist. LEXIS 38154, at *5 ("Denying an employee such notices—as alleged here—can impinge on an employee's interests not only in being paid what is owed, but also in being able to advocate for the receipt of proper pay."). As such, Plaintiff has suffered a cognizable informational injury sufficient to allege standing for his NYLL § 195(1) claims.

Plaintiff intends to oppose Defendants' motion for summary judgment, among other things, on the basis described above. We thank the Court for its consideration of this matter.

        Respectfully Submitted,

        <u>/s/ Michael DiGiulio</u>
        Michael DiGiulio
        32 Broadway, Suite 601
        New York, NY 10004
        Tel: 212-688-5640
        Fax: 212-688-2548

        *Attorney for Plaintiff*